Aaron Kaufmann, SBN 148580
akaufmann@leonardcarder.com
Elizabeth Gropman, SBN 294156
egropman@leonardcarder.com
Amanda Eaton, SBN 341987
aeaton@leonardcarder.com
LEONARD CARDER, LLP
1999 Harrison Street, Suite 2700
Oakland, CA 94612
Telephone: (510) 272-0169
Facsimile: (510) 272-0174
*(Additional Counsel on Subsequent Page)*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROOSEVELT ESPINOSA; FIDELIS ABAEKOBE; WILLIAM AGUILAR; RUXNER ANDINO; EMEKA ANIAGBA; MAYCOL CAMEY; HANS DURAN; KEITH FERGUSON; JOSE FERNANDEZ; CESAR GALINDO;  ANTONIO HERMOSILLO; OTASOWIE ISIBOR; JOSEPH LUNA; JUAN CARLOS MEJIA; VICENTE MENDEZ; JUDE MUOJEKWU; ELIAS PALMA; ALVIN PASCASCIO; ISRAEL PONCE; JOSE ENRIQUE GONZALEZ PORTILLO; JULIO ROBERTO ROSALES; ISRAEL SANCHEZ; and RAFAEL ZAYAS, <br><br>       Plaintiffs, <br><br>   v. <br><br>CEVA FREIGHT, LLC, a Delaware Company; and DOES 1-10, inclusive; <br><br>       Defendants. | CASE NO. <br><br>**COMPLAINT FOR DAMAGES, RESTITUTION, PENALTIES, AND DECLARATORY RELIEF** <br><br>**DEMAND FOR JURY TRIAL** <br><br>**(1) Reimbursement of Business Expenses (Cal. Labor Code § 2802, IWC Wage Order No. 9);** <br>**(2) Failure to Pay State Minimum Wage (Cal. Labor Code §§ 1182.11, 1182.12, 1194 *et seq.*, IWC Wage Order No. 9, Minimum Wage Order)** <br>**(3) Failure to Furnish Compliant Wage Statements (Cal. Labor Code § 226, IWC Wage Order No. 9)** <br>**(4) Failure to Provide Paid Sick Leave (Cal. Labor Code §§ 218, 245 *et seq.*)** <br>**(5) Failure to Pay California Overtime Premiums (Cal.** |

Labor Code §§ 510, 1194 *et seq.*, IWC Wage Order No. 9)

(6) Failure to Pay FLSA Overtime Premiums (29 U.S.C. §§ 201 *et seq.*)

(7) Failure to Provide Off-Duty Meal Periods (Cal. Labor Code §§ 226.7, 512, IWC Wage Order No. 9)

(8) Failure to Authorize and Permit Rest Breaks (Cal. Labor Code §§ 226.7, IWC Wage Order No. 9)

(9) Waiting Time Penalties (Cal. Labor Code §§ 201, 202, 203)

(10) Failure to Comply with Los Angeles Minimum Wage Ordinance and Office of Wage Standards Ordinance (L.A. Municipal Code §§ 187.00 *et seq.*, 188.00 *et seq.*, L.A. Rules and Regulations Implementing the Minimum Wage Ordinance)

(11) Violations of the Unfair Competition Law (Cal. Business & Professions Code §§ 17200-09)

COMPLAINT FOR DAMAGES, RESTIT., PENALTIES, & DECL. RELIEF

James M. Finberg, SBN 114850
jfinberg@altshulerberzon.com
Eve H. Cervantez, SBN 164709
ecervantez@altshulerberzon.com
Amanda C. Lynch, SBN 318022
alynch@altshulerberzon.com
Sam Hull, SBN 345265
shull@altshulerberzon.com
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, California 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064

Cornelia Dai, SBN 207435
cdai@hadsellstormer.com
Sarah Cayer, SBN 334166
scayer@hadsellstormer.com
HADSELL STORMER RENICK & DAI LLP
128 N. Fair Oaks Ave.
Pasadena, California 91103
Telephone: (626) 585-9600
Facsimile: (626) 577-7079

*Attorneys for Plaintiffs*

COMPLAINT FOR DAMAGES, RESTIT., PENALTIES, & DECL. RELIEF

# I.  JURISDICTION

1.      Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332, because the matter in controversy exceeds $75,000 and no Plaintiff is a citizen of the same state as any Defendant.

2.      This Court also has original jurisdiction pursuant to 28 U.S.C. § 1331 over all federal claims alleged herein pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). Plaintiffs invoke the supplemental jurisdiction of the Court pursuant to 28 U.S.C. § 1367 to consider claims arising under state and local law, because the state and local claims form part of the same case or controversy.

# II.  CASE SUMMARY

3.      Plaintiffs are drivers who have transported freight for Defendants and their customers in California. They seek to recover their work-related expenses and wages, damages, and penalties for Defendants' wage and hour violations.

4.      Defendants CEVA Freight, LLC and its affiliates ("CEVA") are in the business of transporting freight, relying on drivers like Plaintiffs to pick up and deliver freight to and from CEVA warehouse terminals and CEVA's customers.

5.      Prior to March 2018, several of the Plaintiffs and other drivers worked for CEVA under CEVA's "Independent Contractor Service Agreements" and sued CEVA for expense reimbursement and wage and hour claims similar to those brought here. CEVA settled those claims and terminated its contracts with its drivers. CEVA now relies on Cargomatic, a third-party freight logistics and mobile device application ("mobile app") provider, to contract and pay drivers to transport freight for CEVA and its customers.

6.      Working through the Cargomatic mobile app, Plaintiffs and other drivers have continued to perform work that is entirely within the usual course of CEVA's freight transport business: they drive box trucks, cargo vans, and tractor-trailer rigs to transport freight for CEVA. The only substantial difference is that Plaintiffs and other drivers receive payment funneled through Cargomatic. CEVA has continued to ignore

its obligations as the employer of its freight drivers, including Plaintiffs, unlawfully shifting to Plaintiffs many of its costs of doing business and failing to comply with its obligations under California's Labor Code, Industrial Welfare Commission ("IWC") Wage Order No. 9, the FLSA, and Los Angeles' Minimum Wage and Office of Wage Standards Ordinances. Among those obligations are the duty to indemnify employees for all expenses and losses necessarily incurred in connection with their employment (Cal. Labor Code § 2802; Cal. Code Regs. tit. 8, § 11090 ("IWC Wage Order No. 9"), § 9); the duty to pay minimum wage for all hours worked (Cal. Labor Code §§ 1182.11, 1182.12, 1197; Minimum Wage Order; IWC Wage Order No. 9, § 4; L.A. Municipal Code §§ 187 *et seq.*); the duty to provide paid sick leave (Cal. Labor Code §§ 245-249; L.A. Municipal Code § 187.04); the duty to provide legally compliant wage statements (Cal. Labor Code §§ 226, 226.3, IWC Wage Order No. 9, § 7(B)); the duty to provide off-duty meal periods to van drivers (Cal. Labor Code §§ 512, 226.7; IWC Wage Order No. 9, § 11); the duty to authorize and permit van drivers to take paid rest periods (Cal. Labor Code §§ 226.7, 1194; IWC Wage Order No. 9, § 12); the duty to pay van drivers overtime premium pay under state and federal law (29 U.S.C. § 207; Cal. Labor Code §§ 510, 1194 *et seq.*; IWC Wage Order No. 9, § 3); and the duty to pay in a timely manner all wages owed upon termination (Cal. Labor Code § 203).

7.    Plaintiffs bring claims for reimbursement of business expenses and losses, unpaid minimum wages (and liquidated damages), pay statement penalties, unpaid sick leave, interest, attorneys' fees and costs. A sub-group of Plaintiffs who drive cargo vans ("Van Driver Plaintiffs") also brings claims for unpaid overtime compensation and unpaid meal and rest period premium pay. A sub-group of Plaintiffs who missed work due to illness or other medical reasons and were not paid for their sick days ("Unpaid Sick Leave Driver Plaintiffs") brings claims for unpaid sick leave. A sub-group of Plaintiffs who regularly make stops in the City of Los Angeles ("Los Angeles Driver Plaintiffs") also brings claims for local minimum wage, sick leave

pay, and related penalties, under Los Angeles's Minimum Wage Ordinance and Office of Wage Standards Ordinance. A further sub-group of Plaintiffs, those who no longer work for CEVA ("Former Driver Plaintiffs"), brings claims for waiting time penalties for failure to receive all compensation upon termination. Plaintiffs also seek relief pursuant to California's Unfair Competition Law ("UCL"), Cal. Business and Professions Code §§ 17200-17208, including restitution and disgorgement of all benefits Defendants have obtained from the unlawful and unfair practices described herein.

## III.   VENUE

8.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2), because it is the judicial district in which a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred.

## IV.   PARTIES

### A.   Plaintiffs

9.     Roosevelt Espinosa is domiciled in Norwalk, California. He has been picking up and delivering freight for CEVA and its predecessors as a driver from approximately 2003 to the present, using his own cargo van. Mr. Espinosa regularly drives routes for CEVA in Orange County, among other locations, including making stops at CEVA's customers' facilities in the City of Los Angeles at least once a week, and he regularly performs more than two hours of work for CEVA per week within the City of Los Angeles. Mr. Espinosa regularly works five and often six days a week, and regularly works more than eight hours in a day and more than 40 hours per week. While working for CEVA, Mr. Espinosa has at times been ill and therefore unable to work; he was not paid for the days he was out sick. Mr. Espinosa is a Van Driver Plaintiff, a Los Angeles Driver Plaintiff, and an Unpaid Sick Leave Driver Plaintiff.

10.    Plaintiff Fidelis Abaekobe is domiciled in Whittier, California. He worked as a driver picking up and delivering freight for CEVA and its predecessors from approximately 2009 until August 2019, using his own cargo van. Plaintiff

Abaekobe primarily drove routes for CEVA throughout the greater Los Angeles area, including making stops at CEVA's customers' facilities in the City of Los Angeles at least once a week, and he regularly performed more than two hours of work for CEVA per week within the City of Los Angeles. Mr. Abaekobe regularly worked six days a week, and regularly worked more than eight hours in a day and more than 40 hours per week. Mr. Abaekobe is a Van Driver Plaintiff, a Los Angeles Driver Plaintiff, and a Former Driver Plaintiff.

11.     Plaintiff William Aguilar is domiciled in Arleta, California. He has worked as a driver picking up and delivering freight for CEVA and its predecessors since approximately 2007, using his own truck tractor. Mr. Aguilar regularly drives routes throughout the greater Los Angeles area, including making stops at CEVA's customers' facilities in the City of Los Angeles at least once a week, and he regularly performs more than two hours of work for CEVA per week within the City of Los Angeles. While working for CEVA, Plaintiff has at times been ill and therefore unable to work; he was not paid for those days he did not work due to illness. Mr. Aguilar is a Los Angeles Driver Plaintiff and an Unpaid Sick Leave Driver Plaintiff.

12.     Plaintiff Ruxner Andino is domiciled in Lakewood, California. He has been picking up and delivering freight for CEVA and its predecessors as a driver from approximately 2004 to the present, using his own box truck. In addition to a regular route between Los Angeles International Airport and the CEVA depot in Torrance, Mr. Andino often drives routes for CEVA throughout the greater Los Angeles area. He makes stops at CEVA's customers' facilities in the City of Los Angeles at least once a week, and he regularly performs more than two hours of work for CEVA per week within the City of Los Angeles. Mr. Andino is a Los Angeles Driver Plaintiff.

13.     Plaintiff Emeka Aniagba is domiciled in Hawthorne, California. He has worked as a driver picking up and delivering freight for CEVA and its predecessors from approximately 2003 to the present, using his own box truck. Plaintiff Aniagba regularly drives routes throughout the greater Los Angeles area, including making

COMPLAINT FOR DAMAGES, RESTIT., PENALTIES, & DECL. RELIEF

stops at CEVA's customers' facilities in the City of Los Angeles at least once a week, and he regularly performs more than two hours of work for CEVA per week within the City of Los Angeles. While working for CEVA, Mr. Aniagba has at times been ill and therefore unable to work; he was not paid for those days he did not work due to illness. Mr. Aniagba is a Los Angeles Driver Plaintiff and an Unpaid Sick Leave Driver Plaintiff.

14.     Plaintiff Maycol Camey is domiciled in Inglewood, California. He has picked up and delivered freight as a driver for CEVA from March 2019 to the present, using his own box truck. Plaintiff Camey regularly drives routes for CEVA throughout the greater Los Angeles area, including making stops at CEVA's customer facilities in the City of Los Angeles at least once a week, and he regularly performs more than two hours of work for CEVA per week within the City of Los Angeles. While working for CEVA, Mr. Camey has at times been ill and therefore unable to work; he was not paid for the days he was out sick. Mr. Camey is an Unpaid Sick Leave Driver Plaintiff and a Los Angeles Driver Plaintiff.

15.     Plaintiff Hans Duran is domiciled in Downey, California. He worked as a driver picking up and delivering freight for CEVA and its predecessors from approximately 2001 until approximately February 2020, using his own box truck. He generally serviced CEVA customers in the areas in and around City of Industry and Covina. Mr. Duran is a Former Driver Plaintiff.

16.     Plaintiff Keith Ferguson is domiciled in Los Angeles, California. He has worked as a driver picking up and delivering freight for CEVA and its predecessors since approximately 2002, using his own truck tractor. Mr. Ferguson regularly drives routes throughout the greater Los Angeles area, including making stops at CEVA's customers' facilities in the City of Los Angeles at least once a week, and he regularly performs more than two hours of work for CEVA per week within the City of Los Angeles. Mr. Ferguson is a Los Angeles Driver Plaintiff.

17.     Plaintiff Jose Fernandez is domiciled in Norwalk, California. He worked

COMPLAINT FOR DAMAGES, RESTIT., PENALTIES, & DECL. RELIEF

as a driver picking up and delivering freight for CEVA and its predecessors from approximately 2004 until January 16, 2023, using his own box truck. Mr. Fernandez regularly drove routes throughout the greater Los Angeles area, including making stops at CEVA's customers' facilities in the City of Los Angeles at least once a week, and he sometimes performed more than two hours of work for CEVA per week within the City of Los Angeles. While working for CEVA, Mr. Fernandez was at times ill and therefore unable to work; he was not paid for those days he did not work due to illness. Mr. Fernandez is a Los Angeles Driver Plaintiff, an Unpaid Sick Leave Driver Plaintiff, and a Former Driver Plaintiff.

18.     Plaintiff Cesar Galindo is domiciled in Fontana, California. He worked as a driver picking up and delivering freight for CEVA and its predecessors from approximately 2014 until December 2020, using his own box truck. Mr. Galindo serviced CEVA and its customers largely in the Inland Empire area. While working for CEVA, Mr. Galindo was at times ill and therefore unable to work; he was not paid for those days he did not work due to illness. Mr. Galindo is an Unpaid Sick Leave Driver Plaintiff and a Former Driver Plaintiff.

19.     Plaintiff Antonio Hermosillo is domiciled in Lawndale, California. He worked as a driver picking up and delivering freight for CEVA and its predecessors from April 2017 to May 2022, using his own box truck. Mr. Hermosillo regularly drove routes for CEVA in Los Angeles County, including making stops at CEVA's customer facilities in the City of Los Angeles at least once a week, and he regularly performed more than two hours of work for CEVA per week within the City of Los Angeles. While working for CEVA, Mr. Hermosillo was at times ill and therefore unable to work; he was not paid for the days he was out sick. Mr. Hermosillo is an Unpaid Sick Leave Driver Plaintiff, a Los Angeles Driver Plaintiff, and a Former Driver Plaintiff.

20.     Plaintiff Otasowie Isibor is domiciled in Carson, California. He has been picking up and delivering freight for CEVA and its predecessors as a driver from

approximately 2001 to the present, using his own cargo van. Mr. Isibor regularly picks up freight from CEVA's Torrance warehouse and drives routes for CEVA throughout the greater Los Angeles area, including making stops at CEVA's customers' facilities in the City of Los Angeles at least once a week, and he regularly performs more than two hours of work for CEVA per week within the City of Los Angeles. Mr. Isibor regularly works five and sometimes six or seven days a week, and regularly works more than eight hours in a day and more than 40 hours per week. While working for CEVA, Mr. Isibor has at times been ill and therefore unable to work; he was not paid for the days he was out sick. Mr. Isibor is a Van Driver Plaintiff, a Los Angeles Driver Plaintiff, and an Unpaid Sick Leave Driver Plaintiff.

21. Plaintiff Joseph Luna is domiciled in Menifee, California. He has worked as a driver picking up and delivering freight for CEVA and its predecessors since approximately 2010, using his own box truck. Mr. Luna mostly drives routes in Orange County. While working for CEVA, Plaintiff has at times been ill and therefore unable to work; he was not paid for those days he did not work due to illness. Mr. Luna is an Unpaid Sick Leave Driver Plaintiff.

22. Plaintiff Juan Carlos Mejia is domiciled in Inglewood, California. He worked as a driver picking up and delivering freight for CEVA from approximately 1999 to 2020, using his own truck tractor. Mr. Mejia primarily worked out of CEVA depots in Torrance, Fresno, Fontana, Dinuba, and Ontario, including making stops at CEVA's customers' facilities in the City of Los Angeles at least once a week, and he regularly performed more than two hours of work for CEVA per week within the City of Los Angeles. Mr. Mejia is a Los Angeles Driver Plaintiff and a Former Driver Plaintiff.

23. Plaintiff Vicente Mendez is domiciled in Altadena, California. He has been picking up and delivering freight for CEVA and its predecessors as a driver from approximately 2005 to the present, using his own truck tractor. Mr. Mendez often works out of CEVA's Fontana and Torrance warehouses. While working for CEVA,

COMPLAINT FOR DAMAGES, RESTIT., PENALTIES, & DECL. RELIEF

Mr. Mendez has at times needed to miss work for medical reasons; he was not paid for any of that time. Mr. Mendez is an Unpaid Sick Leave Driver Plaintiff.

24.     Plaintiff Jude Muojekwu is domiciled in Carson, California. He worked as a driver picking up and delivering freight for CEVA from approximately 2005 until April 2021, using his own tractor truck for the last several years. Mr. Muojekwu regularly drove routes throughout the greater Los Angeles area, including making stops at CEVA's customers' facilities in the City of Los Angeles at least once a week, and he regularly performed more than two hours of work for CEVA per week within the City of Los Angeles. While working for CEVA, Plaintiff had at times been ill and therefore was unable to work; he was not paid for those days he did not work due to illness. Mr. Muojekwu is a Los Angeles Driver Plaintiff, an Unpaid Sick Leave Driver Plaintiff and a Former Driver Plaintiff.

25.     Plaintiff Elias Palma is domiciled in Hesperia, California. He picked up and delivered freight for CEVA and its predecessors as a driver from approximately 2007 to June 2019, using his own truck tractor. Mr. Palma is a Former Driver Plaintiff.

26.     Plaintiff Alvin Pascascio is domiciled in Gardena, California. He has worked as a driver picking up and delivering freight for CEVA and its predecessors from approximately 2002 to the present, using his own box trucks. Plaintiff Pascascio regularly drives routes for CEVA in Orange County and picks up freight from the CEVA warehouse in Fontana. While working for CEVA, Plaintiff Pascascio has at times been ill and therefore unable to work; he was not paid for the days he was out sick. Mr. Pascascio is an Unpaid Sick Leave Driver Plaintiff.

27.     Plaintiff Israel Ponce is domiciled in Los Angeles, California. He has been picking up and delivering freight for CEVA and its predecessors as a driver from approximately 2004 to the present, using his own box truck and cargo van. Mr. Ponce regularly drives routes for CEVA in Orange County, among other locations. When Mr. Ponce drove his van, he regularly worked five and sometimes six or seven days a week, and regularly worked more than eight hours in a day and more than 40 hours

8

COMPLAINT FOR DAMAGES, RESTIT., PENALTIES, & DECL. RELIEF

per week. While working for CEVA, Mr. Ponce has at times been ill and therefore unable to work; he was not paid for the days he was out sick. Mr. Ponce is a Van Driver Plaintiff and an Unpaid Sick Leave Driver Plaintiff.

28.     Plaintiff Jose Enrique Gonzalez Portillo is domiciled in Southgate, California. He has worked as a driver picking up and delivering freight for CEVA and its predecessors since approximately 2000, using his own box truck. Mr. Gonzalez Portillo regularly drives routes throughout the greater Los Angeles area, including making stops at CEVA's customers' facilities in the City of Los Angeles at least once a week, and he regularly performs more than two hours of work for CEVA per week within the City of Los Angeles. While working for CEVA, Plaintiff has at times been ill and therefore unable to work; he was not paid for those days he did not work due to illness. Mr. Gonzalez Portillo is a Los Angeles Driver Plaintiff and an Unpaid Sick Leave Driver Plaintiff.

29.     Plaintiff Julio Roberto Rosales is domiciled in Winnetka, California. He has worked as a driver picking up and delivering freight for CEVA and its predecessors since approximately 2004, using his own truck tractor. Mr. Rosales regularly drives routes throughout the greater Los Angeles area, including making stops at CEVA's customers' facilities in the City of Los Angeles at least once a week, and he regularly performs more than two hours of work for CEVA per week within the City of Los Angeles. While working for CEVA, Mr. Rosales has at times been ill and therefore unable to work; he was not paid for those days he did not work due to illness. Mr. Rosales is a Los Angeles Driver Plaintiff and an Unpaid Sick Leave Driver Plaintiff.

30.     Plaintiff Israel Sanchez is domiciled in Victorville, California. He has been picking up and delivering freight for CEVA as a driver from approximately 2007 to the present, using his own truck tractor. Mr. Sanchez works primarily out of CEVA's Fontana warehouse. While working for CEVA, Mr. Espinosa has at times been ill and therefore unable to work; he was not paid for the days he was out sick.

9

Mr. Sanchez is an Unpaid Sick Leave Driver Plaintiff.

31.    Plaintiff Rafael Zayas is domiciled in Inglewood, California. He has worked as a driver picking up and delivering freight for CEVA and its predecessors since approximately 2001, using his own box truck. Mr. Zayas regularly drives routes throughout the greater Los Angeles area, including making stops at CEVA's customers' facilities in the City of Los Angeles at least once a week, and he regularly performs more than two hours of work for CEVA per week within the City of Los Angeles. While working for CEVA, Plaintiff has at times been ill and therefore unable to work; he was not paid for those days he did not work due to illness. Mr. Zayas is a Los Angeles Driver Plaintiff and an Unpaid Sick Leave Driver Plaintiff.

**B.    Defendants**

32.    Defendant CEVA Freight, LLC is a limited liability company organized under the laws of Delaware. CEVA's corporate headquarters are in Houston, Texas, and it is a citizen of Delaware and Texas. CEVA Freight, LLC has one member, EGL, Inc. ("EGL"). EGL, Inc. is a corporation organized under the laws of Texas. EGL, Inc.'s corporate headquarters are in Houston, Texas, and it is a citizen of Texas.

33.    Defendants CEVA Freight, LLC and its affiliates are, and at all relevant times were, employers covered by the California Labor Code, IWC Wage Order No. 9, and the Los Angeles Minimum Wage Order.

34.    The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants sued herein as Does 1 through 10, inclusive, are currently unknown to Plaintiffs, who therefore sue defendants by such fictitious names under California Code of Civil Procedure § 474. Plaintiffs are informed and believe, and based thereon allege, that each of the defendants designated herein as a Doe is legally responsible in some manner for the unlawful acts referred to herein. Plaintiffs will seek leave of court to amend this Complaint to reflect the true names and capacities of the defendants designated hereinafter as Does when such identities become known. Hereinafter, defendant CEVA Freight, LLC and the Doe defendants shall be referred

1   to collectively as "Defendants."

2   35.   Plaintiffs are informed and believe, and on such information and belief

3   allege, that each defendant acted in all respects pertinent to this action as the agent

4   of the other defendants, carried out a joint scheme, business plan or policy in all

5   respects pertinent hereto, and that the acts of each defendant are legally attributable

6   to the other defendants.

7   ## V.   STATEMENT OF ALLEGED FACTS

8   36.   CEVA is a domestic and international freight shipping and delivery

9   operation, using an integrated network of transportation, sorting, warehousing, and

10   communication facilities.

11   37.   For at least the period of four years prior to the filing of this action,

12   CEVA has employed hundreds of freight drivers in facilities located in the County

13   of Los Angeles and adjacent counties in California, including Plaintiffs. Plaintiffs

14   have been integral to CEVA's operations and core business, as they deliver and pick

15   up packages and other freight based on times, locations, and for amounts determined

16   by CEVA.

17   38.   For several years up until approximately March 2018, CEVA

18   engaged its drivers through "Independent Contractor Services Agreements."

19   39.   In 2005, several drivers filed a class action lawsuit against Defendant

20   EGL, Inc., a member of CEVA and subsidiary of CEVA Logistics U.S. Holdings,

21   Inc., in U.S. District Court, Northern District of California. *Narayan v. EGL, Inc.*,

22   N.D. Cal. Case No. CV–05–04181–RMW. The plaintiff drivers in *Narayan* alleged

23   EGL had misclassified its California drivers as "independent contractors" and

24   thereby violated various wage and hour and work-related expense requirements.

25   CEVA was added as a defendant in *Narayan* after CEVA, Inc. purchased EGL.

26   40.   In *Narayan,* the Ninth Circuit reversed summary judgment for EGL,

27   finding: "Ultimately, under California's multi-faceted test of employment, there

28   existed at the very least sufficient indicia of an employment relationship between the

plaintiff Drivers and EGL such that a reasonable jury could find the existence of such a relationship." *Narayan v. EGL, Inc.*, 616 F.3d 895, 904 (9th Cir. 2010).

41.    After remand, the district court in *Narayan* denied class certification. Subsequently, putative class members filed eight similar lawsuits in California Superior Court in the counties of Los Angeles, San Diego, Alameda, and Sacramento. Most were removed to federal court, including *Andino, et al. v. EGL, Inc., et al.*, Case No. 2:16-cv-04949-DMG-MR. By January 2018, nearly all of those lawsuits were settled and dismissed, resolving expense reimbursement and wage and hour claims on behalf of a total of approximately 125 drivers who had been working for CEVA in California.

42.    In approximately March 2018, CEVA terminated its "Independent Contractor Service Agreements" with its drivers in California. CEVA informed the drivers that if they wanted to continue to perform freight transportation services for CEVA they needed to sign up with Cargomatic, which is a transportation logistics company that provides drivers and equipment to freight carriers such as CEVA and a mobile app for use by drivers.

43.    Each of the Plaintiff drivers named herein entered into an agreement with Cargomatic through its app in order to provide freight transportation services. While Plaintiffs receive payment for their services from Cargomatic and, in most instances, use the Cargomatic app to track and document their freight delivery and pick-up work for CEVA, Plaintiffs have continued to perform their work for the benefit of CEVA and its customers.

44.    Plaintiffs work from CEVA's warehouse terminals, where they have been assigned freight for delivery and/or locations for pick-ups each day. In most instances, Plaintiffs service routes with pick-up and delivery times that are pre-determined by CEVA. CEVA employs dispatchers, customer service representatives, and a variety of managerial employees at their terminals who have supervisory responsibility over Plaintiffs and their daily assignments and paperwork. Plaintiffs

COMPLAINT FOR DAMAGES, RESTIT., PENALTIES, & DECL. RELIEF

interact with CEVA's personnel on a daily basis, in most instances.

45.    Most of the Plaintiff drivers typically begin their work day by reporting to one of CEVA's terminal facilities; some start their day by picking up freight at a facility operated by one of CEVA's customers. CEVA personnel arrange the freight for loading onto Plaintiffs' vehicles—typically box trucks and cargo vans; for Plaintiffs driving truck tractors, CEVA readies its freight trailers (which are typically loaded with freight, but sometimes empty) to be hooked up to Plaintiffs' tractors. CEVA directly, or sometimes through Cargomatic, gives Plaintiffs paperwork, including bills of lading, for the freight they are to deliver to CEVA's customers. Plaintiffs have had to wait for the freight, often for 20 minutes or significantly more, and receive no compensation for their wait time. Plaintiffs load the freight onto their vehicles or hook up their tractor to CEVA's freight trailers. Before leaving CEVA's terminals, Plaintiffs typically hand in necessary paperwork and seek authorization to depart on their run. Plaintiffs driving box trucks and tractor-trailer rigs also perform pre-trip inspections of their vehicles, for which they receive no compensation.

46.    As Plaintiffs perform their freight delivery and pick-up work on their runs for CEVA, most have frequent contact with dispatchers regarding the progress of their work. When issues or problems arise with executing a delivery or pick-up for CEVA's customers, Plaintiffs have sought assistance from CEVA, Cargomatic, or both. Plaintiffs often have to wait at the customer's facility for more than 20 minutes and cannot leave without permission from CEVA and/or Cargomatic; they generally receive no compensation for the wait times. The communications between Plaintiffs and CEVA and/or Cargomatic are most often by telephone calls and text messages. The progress of Plaintiffs' work for CEVA has also been documented and monitored through the Cargomatic app.

47.    In most instances, Plaintiffs end their work day by returning to one of CEVA's terminals. Upon return, Plaintiffs unload freight from their vehicles that

they have picked up from CEVA's customers. Tractor drivers also return to CEVA terminals in order to deposit a loaded or empty freight trailer. Plaintiffs check in the freight with CEVA's personnel and turn in paperwork for their completed deliveries and/or pickups. Plaintiffs driving box trucks and tractor-trailer rigs also perform post-trip inspections of their vehicles, for which they receive no compensation.

48.   Van Driver Plaintiffs typically work for CEVA five and often six days a week. They regularly work more than eight hours a day and more than 40 hours a week delivering and/or picking up freight for CEVA and its customers.

49.   CEVA determines the prices charged to its customers for the services rendered by Plaintiffs. Plaintiffs have had no control over the rates charged to CEVA's customers.

50.   On information and belief, CEVA, in conjunction with Cargomatic, has determined the compensation to be paid to Plaintiffs. The pay is typically in some form of piece rate for each delivery and pick-up performed; some Plaintiffs are paid a per diem.

51.   To perform the freight transportation services for CEVA, Plaintiffs are contractually obligated to provide their own equipment, including vehicles and devices to send and receive electronic communications, and various forms of insurance (including, cargo liability, automobile liability, and general liability). Consequently, Plaintiffs pay out of pocket for: use of their own vehicles, including fuel, repairs, maintenance, cleaning, related insurance, licensing, fees, and tolls; use of their own cellular telephones, other mobile data devices, and cellular and data plans for such devices; various forms of insurance; and miscellaneous tools, such as dollies and pallet jacks.

52.   CEVA has unlawfully failed to indemnify Plaintiffs for the aforementioned employment-related expenses. CEVA has also failed to indemnify Plaintiffs for employment-related losses, such as cargo loss or damage, bodily and property damage claims, uncollected or lost C.O.D. payments, and service claims

COMPLAINT FOR DAMAGES, RESTIT., PENALTIES, & DECL. RELIEF

granted to customers.

53.   CEVA has regularly failed to pay Plaintiffs the California minimum wage for all hours worked, including but not limited to waiting time at CEVA's terminals and at CEVA's customers and time spent performing pre- and post-trip inspections of their vehicles.

54.   The settlement statements furnished to Plaintiffs fail to: (a) itemize the total hours worked; (b) identify the inclusive dates of the period for which Plaintiffs are paid; (c) identify CEVA as an employer; and (d) provide CEVA's address.

55.   CEVA has regularly failed to provide paid sick leave to Plaintiffs.

56.   CEVA has regularly failed to provide a timely 30-minute off-duty meal period to Van Driver Plaintiffs when they worked more than five hours in a day. CEVA has also regularly failed to provide a second timely 30-minute off-duty meal period to Plaintiffs who worked more than 10 hours in a day.

57.   CEVA has regularly failed to provide an off-duty, paid, rest period to Van Driver Plaintiffs who worked more than 3.5 hours in a day.

58.   As for Los Angeles Driver Plaintiffs, CEVA has failed to post Los Angeles's Office of Wage Standards Wage and Sick Time Notice in a conspicuous place at any workplace or job site in English and any other language(s) spoken by at least five percent (5%) of the employees at the workplace or job site.

59.   CEVA has not, directly or through Cargomatic, paid Los Angeles Driver Plaintiffs the hourly minimum wage under Los Angeles's Minimum Wage Ordinance for all hours worked within the geographic boundaries of the City of Los Angeles.

60.   CEVA has not, either directly or through Cargomatic, paid Van Driver Plaintiffs overtime at one and one-half times their regular rate of pay for hours worked more than eight in a day, more than 40 in a week, or on the seventh consecutive day, or at twice their regular rate of pay for hours worked more than 12

in a day or more than eight on the seventh consecutive day.

61.   As to Former Driver Plaintiffs, CEVA has willfully and knowingly failed to pay those Plaintiffs upon termination of their employment all accrued compensation, payment of missed meal period and rest period compensation, minimum wage compensation, and overtime compensation.

## VI.   CLAIMS FOR RELIEF

### FIRST CLAIM
### REIMBURSEMENT OF BUSINESS EXPENSES
### FOR ALL PLAINTIFFS
### (CAL. LABOR CODE § 2802; IWC WAGE ORDER NO. 9)

62.   The allegations of the preceding paragraphs are realleged and incorporated herein by reference.

63.   While acting on the direct instruction of Defendants and discharging their duties for them, Plaintiffs incurred work-related expenses, including for tools and equipment needed for the freight transportation work which Plaintiffs have been hired to perform. Such expenses include but are not limited to the costs of: fuel, maintenance, and other vehicle operating costs; depreciation; various forms of insurance; communications equipment; cellular telephones and associated service costs; and miscellaneous tools. Plaintiffs necessarily incurred these substantial expenses and losses as a direct result of performing their job duties for Defendants.

64.   Defendants have failed to indemnify or in any manner reimburse Plaintiffs for these expenditures and losses. By requiring Plaintiffs to pay expenses and cover losses that they incurred in direct consequence of the discharge of their duties for Defendants and/or in obedience to Defendants' direction, Defendants have violated and continue to violate Cal. Labor Code § 2802 and IWC Wage Order No. 9, § 9.

65.   As a direct and proximate result of Defendants' conduct, Plaintiffs have suffered substantial losses according to proof, as well as pre-judgment interest, costs, and attorneys' fees for the prosecution of this action.

66.     Plaintiffs request relief as described below.

## SECOND CLAIM
### FAILURE TO PAY STATE MINIMUM WAGE FOR ALL HOURS WORKED
### FOR ALL PLAINTIFFS
### (CAL. LABOR CODE §§ 1182.11, 1182.12, 1194 *ET SEQ.*, IWC WAGE ORDER NO. 9, MINIMUM WAGE ORDER)

67.     The allegations of the preceding paragraphs are realleged and incorporated herein by reference.

68.     At all times relevant to this complaint, Cal. Labor Code §§ 1182.11, 1182.12, and 1197, IWC Wage Order 9, and the Minimum Wage Order were in full force and effect and required that Plaintiffs receive the minimum wage for all hours worked irrespective of whether nominally paid on an hourly, piece rate, or any other basis.

69.     Cal. Labor Code § 1194 entitles an employee receiving less than the legal minimum wage to recover the unpaid balance of the full amount of the minimum wage, including interest thereon, reasonable attorneys' fees, and costs of suit.

70.     Cal. Labor Code § 1194.2 entitles an employee receiving less than the legal minimum wage to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

71.     Defendants failed to pay Plaintiffs for all hours worked at the state minimum wage rate, as required by law, including for time worked before and/or after freight pick-ups and/or deliveries for which they were not compensated including for required inspections and time the Plaintiffs were engaged to wait at Defendants' facilities and in the field.

72.     As a direct and proximate result of the acts and/or omissions of Defendants, Plaintiffs have been deprived of wages due in amounts to be determined at trial, and they are entitled to recover these amounts, plus interest thereon, liquidated damages, attorneys' fees and costs, and such other legal and equitable

COMPLAINT FOR DAMAGES, RESTIT., PENALTIES, & DECL. RELIEF

relief as the Court deems just and proper.

73.    Plaintiffs request relief as described below.

### THIRD CLAIM
### FAILURE TO FURNISH COMPLIANT WAGE STATEMENTS
### FOR ALL PLAINTIFFS
### (CAL. LABOR CODE § 226, IWC WAGE ORDER NO. 9)

74.    The allegations of the preceding paragraphs are realleged and incorporated herein by reference.

75.    Cal. Labor Code § 226(a) requires employers semi-monthly or at the time of each payment of wages to furnish each employee with an itemized statement showing, among other things, "(1) gross wages earned, (2) total hours worked by the employee… (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and the last four digits of his or her social security number or an employee identification number … , (8) the name and address of the legal entity that is the employer . . . and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

76.    IWC Wage Order No. 9, § 7(B) requires such a statement to include "… (2) the inclusive dates of the period for which the employee is paid; (3) the name of the employee or the employee's social security number; and (4) the name of the employer…."

77.    Cal. Labor Code § 226(e) provides that if an employer knowingly and intentionally fails to provide such a statement, the employee is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial violation and one hundred dollars ($100) for each subsequent violation, up to four thousand dollars ($4,000), as well as costs and reasonable attorneys' fees.

78.     Defendants knowingly and intentionally failed to furnish Plaintiffs with timely, itemized statements showing all information required by Cal. Labor Code § 226(a) and IWC Wage Order No. 9, § 7(B), including the inclusive dates of the periods for which employees are paid; the name and address of the legal entity that is the employer; and total hours worked and pay rates. As a result, Defendants are liable to Plaintiffs for the amounts provided by Cal. Labor Code § 226(e) and for penalties, and attorneys' fees.

79.     Plaintiffs request relief as described below.

**FOURTH CLAIM**
**FAILURE TO PROVIDE PAID SICK LEAVE**
**FOR UNPAID SICK LEAVE DRIVER PLAINTIFFS**
**(CAL. LABOR CODE §§ 218, 245 *ET SEQ.*)**

80.     The allegations of the preceding paragraphs are realleged and incorporated herein by reference.

81.     Cal. Labor Code § 246(b) requires, among other things, that an employer provide for an employee to accrue paid sick leave "at the rate of not less than one hour per every 30 hours worked" or not less than 24 hours of paid sick leave by the completion of the employee's 120th calendar day of employment or each calendar year, or in each 12-month period.

82.     Cal. Labor Code § 246(i) requires employers to provide employees with written notice setting forth the amount of sick leave available within the employee's itemized wage statement or in a separate writing provided on the designated pay date.

83.     Defendants violated the Healthy Workplaces, Healthy Families Act of 2014, Cal. Labor Code §§ 245-249, by not having policies and procedures for its drivers, including Plaintiffs, to accrue and use paid sick leave and not providing the requisite written notice of the amount of paid sick leave available.

84.     During certain times while working for Defendants, the Unpaid Sick Leave Driver Plaintiffs were ill or absent for other medical reasons and therefore did

not work. The Unpaid Sick Leave Driver Plaintiffs received no pay from Defendants during these instances.

85.     Paid sick leave constitutes "wages" within the meaning of Cal. Labor Code § 200(a).

86.     Cal. Labor Code § 218 provides employees with a cause of action to recover "wages of any kind that had not been paid."

87.     Unpaid Sick Leave Driver Plaintiffs are entitled to recover the paid sick leave to which they were entitled, but which Defendants failed to provide, under § 218.

88.     Unpaid Sick Leave Driver Plaintiffs request relief as described below.

## FIFTH CLAIM
### FAILURE TO PAY CALIFORNIA OVERTIME PREMIUMS FOR VAN DRIVER PLAINTIFFS
### (CAL. LABOR CODE §§ 510, 1194 *ET SEQ.*, IWC WAGE ORDER NO. 9)

89.     The allegations of the preceding paragraphs are realleged and incorporated herein by reference.

90.     Van Driver Plaintiffs allege a cause of action for failure to pay premium overtime compensation and related interest, fees, costs, and other relief.

91.     Van Driver Plaintiffs regularly worked more than eight hours in a day and over 40 hours in a week for CEVA without CEVA paying them premium overtime compensation.

92.     By failing to pay overtime compensation to Van Driver Plaintiffs when they have driven vans at a rate of one and one-half times their regular pay when they worked more than eight hours in a day, more than 40 hours in a week, or on the seventh consecutive day, and at a rate of twice their regular pay when they worked more than 12 hours in a day or more than eight hours on the seventh consecutive day, Defendants have violated and continue to violate Cal. Labor Code § 510 and IWC Wage Order No. 9, § 3.

93.     As a result of Defendants' unlawful acts, Van Driver Plaintiffs have been

COMPLAINT FOR DAMAGES, RESTIT., PENALTIES, & DECL. RELIEF

deprived of overtime compensation in an amount to be determined at trial, and are entitled to recovery of such amounts, plus interest thereon, attorneys' fees, and costs, under Cal. Labor Code § 1194.

94. Van Driver Plaintiffs request relief as described below.

## SIXTH CLAIM
## FAILURE TO PAY FLSA OVERTIME PREMIUMS
## FOR VAN DRIVER PLAINTIFFS
## (29 U.S.C. §§ 201 *ET SEQ.*)

95. The allegations of the preceding paragraphs are realleged and incorporated herein by reference.

96. Defendants have been, and continue to be, "employers" engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. §203. On information and belief, at all relevant times, Defendants have had gross operating revenues in excess of $500,000.

97. The FLSA requires each covered employer, such as Defendants, to compensate non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek.

98. Van Driver Plaintiffs are not exempt from the right to receive overtime pay under the FLSA and are not exempt from the requirement that their employer pay them overtime compensation under the FLSA. Van Driver Plaintiffs are entitled to be paid premium overtime compensation for all overtime hours worked.

99. Van Driver Plaintiffs regularly worked in excess of 40 hours per workweek.

100. At all relevant times, Defendants had a policy and practice of failing and refusing to pay overtime premiums to van drivers for hours worked in excess of 40 hours per workweek.

101. By failing to compensate Van Driver Plaintiffs at a rate not less than one and one-half times the regular rate of pay for their hours worked in excess of 40 hours in a workweek, Defendants have violated, and continue to violate, the FLSA, 29

1    U.S.C. §§201 *et seq*., including 29 U.S.C. §§ 207(a)(1) and 215(a).

2        102.   At all relevant times, Defendants had and continue to have a policy and

3    practice of failing to make, keep, and preserve accurate records required by the FLSA

4    with respect to Van Driver Plaintiffs, including records sufficient to determine

5    accurately their wages and hours. Defendants have failed to make, keep, and preserve

6    records with respect to each of its employees sufficient to determine accurately their

7    wages, hours, and other conditions of employment, in violation of 29 U.S.C. § 211(c)

8    and § 215(a).

9        103.   Van Driver Plaintiffs are entitled to damages in the amount of their

10   respective unpaid overtime compensation, liquidated (double) damages as provided

11   by the FLSA, 29 U.S.C. § 216(b), for overtime violations and/or prejudgment

12   interest, attorneys' fees and costs, and such other legal and equitable relief as this

13   Court deems just and proper.

14       104.   Van Driver Plaintiffs request relief as described below.

**SEVENTH CLAIM**
**FAILURE TO PROVIDE OFF-DUTY MEAL PERIODS**
**FOR VAN DRIVER PLAINTIFFS**
**(CAL. LABOR CODE §§ 226.7, 512, IWC WAGE ORDER NO. 9)**

18       105.   The allegations of the preceding paragraphs are realleged and

19   incorporated herein by reference.

20       106.   Van Driver Plaintiffs have regularly worked in excess of five hours a day

21   without Defendants providing a meal period of at least a half hour in which they were

22   relieved of all duties, as required by Cal. Labor Code §§ 226.7 and 512, and IWC

23   Wage Order No. 9, § 11(A).

24       107.   Van Driver Plaintiffs have regularly worked in excess of 10 hours a day

25   without CEVA providing a second half-hour meal period in which they were relieved

26   of all duties, as required by Cal. Labor Code §§ 226.7 and 512, and IWC Wage Order

27   No. 9, § 11(B).

28       108.   Because Defendants failed to provide Van Driver Plaintiffs with

compliant meal periods, Defendants are liable to these Plaintiffs for one hour of additional pay at their regular rate of compensation for each workday that the proper meal periods were not provided, pursuant to Cal. Labor Code § 226.7(c) and IWC Wage Order No. 9, § 11(D).

109.   Van Driver Plaintiff request relief as described below.

## EIGHTH CLAIM
## FAILURE TO AUTHORIZE AND PERMIT REST BREAKS
## FOR VAN DRIVER PLAINTIFFS
## (CAL. LABOR CODE § 226.7, IWC WAGE ORDER NO. 9)

110.   The allegations in the preceding paragraphs are realleged and incorporated herein by reference.

111.   IWC Wage Order No. 9, § 12(A), provides in pertinent part: "Every employer shall authorize and permit all employees to take rest periods . . . . The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. . . . Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages."

112.   Cal. Labor Code § 226.7 requires employers to provide paid rest periods to employees.

113.   Defendants failed to authorize and permit Van Driver Plaintiffs to take a ten-minute paid rest period for each four hours of work or major fraction thereof.

114.   Van Driver Plaintiffs regularly worked in excess of three-and-a-half hours a day without being provided at least one paid ten-minute rest period in which they were relieved of all duties, and paid, as required by Cal. Labor Code § 226.7 and IWC Wage Order No. 9, § 12(A).

115.   Because Defendants failed to authorize and permit Plaintiffs to take compliant rest periods, they are liable to Van Driver Plaintiffs for one hour of additional pay at their regular rate of compensation for each workday that the compliant rest periods were not provided, pursuant to Cal. Labor Code § 226.7(c)

23

and IWC Wage Order No. 9, § 12(B).

116.   Van Driver Plaintiffs request relief as described below.

## NINTH CLAIM
### WAITING TIME PENALTIES
### FOR FORMER DRIVER PLAINTIFFS
### (CAL. LABOR CODE §§ 201, 202 & 203)

117.   The allegations in the preceding paragraphs are realleged and incorporated herein by reference.

118.   Cal. Labor Code § 201 requires an employer who discharges an employee to pay all compensation due and owing to that employee immediately upon discharge.

119.   Cal. Labor Code § 202 requires an employer to pay all compensation due and owing to an employee who quits within 72 hours of that employee quitting, unless the employee provides at least 72 hours' notice of quitting, in which case all compensation is due at the end of the employee's final day of work.

120.   Cal. Labor Code § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge, as required by § 201 or § 202, then the employer is liable for waiting time penalties in the form of continued compensation at the same rate for up to 30 work days.

121.   Defendants willfully failed to timely pay compensation and wages, including unpaid minimum wage pay, unpaid sick leave, unpaid overtime compensation (for Van Driver Plaintiffs), and unpaid premium pay for missed meal and rest periods (for Van Driver Plaintiffs), to Former Driver Plaintiffs when their employment was terminated. As a result, Defendants are liable to Former Driver Plaintiffs for waiting time penalties, together with reasonable attorneys' fees and costs, under Cal. Labor Code § 203.

122.   Former Driver Plaintiffs request relief as described below.

/ / /

/ / /

**TENTH CLAIM**
**FAILURE TO COMPLY WITH LOS ANGELES MINIMUM WAGE**
**ORDINANCE AND OFFICE OF WAGE STANDARDS ORDINANCE**
**FOR LOS ANGELES DRIVER PLAINTIFFS**
**(L.A. MUNICIPAL CODE §§ 187.00 *ET SEQ.*, 188.00 *ET SEQ.*, L.A. RULES**
**AND REGULATIONS IMPLEMENTING THE MINIMUM WAGE**
**ORDINANCE)**

123.   Los Angeles Driver Plaintiffs regularly perform at least two hours of work per week within the geographic boundaries of the City of Los Angeles for Defendants, "employers" under Los Angeles Municipal Code § 187.01 and the accompanying Rules and Regulations. Los Angeles Driver Plaintiffs make regular, required stops in performing their work for CEVA within the City of Los Angeles.

124.   Section 187.02 of the Los Angeles Municipal Code requires employers to pay a specified minimum hourly rate for all hours worked.

125.   Section 187.04 of the Los Angeles Municipal Code requires employers to provide employees who work in the City of Los Angeles for the same employer for 30 days or more within a year with paid sick leave.

126.   Section 187.05 of the Los Angeles Municipal Code requires employers to provide employees with notice of their possible right to the federal Earned Income Credit under Section 32 of the Internal Revenue Code of 1954.

127.   Section 188.03 of the Los Angeles Municipal Code requires employers to post in a conspicuous place at any workplace or job site where any employee works notice of the Los Angeles Minimum Wage rate, Sick Time Benefits, and associated rights.

128.   Defendants violated the Los Angeles Minimum Wage and Office of Wage Standards Ordinances and accompanying Rules and Regulations Implementing the Minimum Wage Ordinance by failing to pay Los Angeles Driver Plaintiffs at least the minimum wage set forth in the Los Angeles Minimum Wage Ordinance for all hours worked; failing to provide or make available to Los Angeles Driver Plaintiffs paid sick leave; failing to post notice of the Los Angeles Minimum

Wage rate; failing to post notice of the Los Angeles Sick Time Benefits; and failing to inform Los Angeles Driver Plaintiffs of their possible right to the federal Earned Income Credit.

129.   Under Los Angeles Municipal Code § 188.07 and Regulation #8 of the Rules and Regulations Implementing the Minimum Wage Ordinance, Los Angeles Driver Plaintiffs are entitled to legal and equitable relief appropriate to remedy these violations, including the payment of wages and sick time benefits unlawfully withheld, the payment of penalties of up to $120 to each Plaintiff for each day the violation occurred or continued, and reasonable attorneys' fees and costs.

130.   Los Angeles Driver Plaintiffs request relief as described below.

## ELEVENTH CLAIM
## VIOLATIONS OF THE UNFAIR COMPETITION LAW (UCL)
## FOR ALL PLAINTIFFS
## (CAL. BUSINESS & PROFESSIONS CODE §§ 17200-09)

131.   The allegations of the preceding paragraphs are realleged and incorporated herein by reference.

132.   California's UCL, Cal. Business & Professions Code §§ 17200 *et seq.*, prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business act or practice.

133.   Cal. Business & Professions Code § 17204 allows any "person who has suffered injury in fact and has lost money or property as a result of the unfair competition" to prosecute a civil action for violation of the UCL.

134.   The policies, acts, and practices described herein were and are unlawful business acts or practices because, as described herein, the following practices violate the California Labor Code, IWC Wage Order No. 9, the FLSA, and the Los Angeles Municipal Code:

  a. failing to indemnify Plaintiffs for employment-related business expenses and losses;

  b. failing to pay the minimum wage to Plaintiffs for all hours worked;

c.  failing to provide accurate itemized wage statements to Plaintiffs;

d.  failing to provide paid sick leave to Unpaid Sick Leave Driver Plaintiffs in compliance with the California Healthy Workplaces, Healthy Families Act of 2014;

e.  failing to pay overtime premium pay to Van Driver Plaintiffs;

f.  failing to provide compliant meal periods to Van Driver Plaintiffs;

g.  failing to authorize and permit paid rest periods to Van Driver Plaintiffs;

h.  failing to pay all wages due at termination of employment for Former Driver Plaintiffs;

i.  failing to comply with the requirements of the Los Angeles Minimum Wage Ordinance, Office of Wage Standards Ordinance, and accompanying Rules and Regulations as to the Los Angeles Driver Plaintiffs; and

j.  intentionally, recklessly and/or negligently misrepresenting to Plaintiffs the true nature of their employment status.

These violations were and are willful. Each of these violations constitutes an independent and separate violation of the UCL.

135.   The UCL also prohibits unfair business practices or acts. The policies, acts, and/or practices described herein were, and are, unfair business acts or practices because any justifications for Defendants' unlawful and unfair conduct were, and are, vastly outweighed by the harm such conduct caused to Plaintiffs. They are also unfair because they offend an established public policy, and because they are immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers.

136.   As a direct and proximate result of Defendants' unlawful and unfair business practices, Plaintiffs have suffered economic injuries including, but not limited to, unreimbursed out-of-pocket business expenses, unpaid minimum wage compensation, unpaid sick leave for Unpaid Sick Leave Driver Plaintiffs, unpaid

compensation for missed meal periods and non-compliant rest periods for Van Driver Plaintiffs, unpaid overtime compensation for Van Driver Plaintiffs, and unpaid waiting time penalties for Former Driver Plaintiffs.

137.   As a direct and proximate result of Defendants' unlawful and unfair acts and practices described herein, Defendants have received and continue to hold ill-gotten gains belonging to Plaintiffs. Defendants have profited from their unlawful and unfair acts and practices in the amount of those business expenses and unpaid compensation.

138.   Plaintiffs are entitled to restitution pursuant to Cal. Business & Professions Code §§ 17203 and 17208 for all unpaid business expenses, minimum wage compensation, sick leave, meal and rest period compensation for van drivers, overtime compensation for van drivers, and interest, in amounts not yet ascertained but to be ascertained at trial, as well as a declaration that Defendants' business practices are unfair within the meaning of the statute.

139.   Plaintiffs are entitled to enforce all applicable penalty provisions of the Cal. Labor Code pursuant to Cal. Business & Professions Code § 17202.

140.   By all of the foregoing alleged conduct, Defendants have committed, and are continuing to commit, ongoing unlawful and unfair business practices within the meaning of Cal. Business & Professions Code §17200 *et seq*.

141.   As a direct and proximate result of the unfair business practices described above, Plaintiffs have suffered significant losses and Defendants have been unjustly enriched.

142.   Plaintiffs have assumed the responsibility of enforcement of the laws and lawful claims specified herein. There is a financial burden incurred in pursuing this action which is in the public interest. Therefore, reasonable attorneys' fees are appropriate pursuant to Cal. Code of Civil Procedure § 1021.5.

143.   Plaintiffs request relief as described below.

/ / /

COMPLAINT FOR DAMAGES, RESTIT., PENALTIES, & DECL. RELIEF

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request relief as follows:

A.   A declaratory judgment that Plaintiffs were and are properly classified as "employees" at all relevant times and that Defendants have knowingly and intentionally violated the following provisions of law:

     i.   Cal. Labor Code § 2802 and IWC Wage Order No. 9, § 9 by failing to indemnify Plaintiffs for all necessarily incurred business expenses and losses;

     ii.   Cal. Labor Code §§ 1182.11, 1182.12 and 1197, IWC Wage Order No. 9, § 4, and the Minimum Wage Order, by failure to pay at least minimum wage for all hours worked by Plaintiffs;

     iii.   Cal. Labor Code § 226 and IWC Wage Order No. 9, § 7(B), by failing to provide Plaintiffs with compliant itemized statements;

     iv.   Cal. Labor Code §§ 245-249 and 218 by failing to provide policies and procedures for Unpaid Sick Leave Driver Plaintiffs to accrue and take paid sick leave;

     v.   Cal. Labor Code §§ 510 and 1194 *et seq*., and IWC Wage Order No. 9, § 3, by failing to pay proper state overtime compensation to Van Driver Plaintiffs;

     vi.   29 U.S.C. §§ 207(a)(1) and 215(a) by failing to pay proper FLSA overtime compensation to Van Driver Plaintiffs;

     vii.   Cal. Labor Code §§ 226.7 and 512, and IWC Wage Order No. 9 by failing to provide off-duty meal periods to Van Driver Plaintiffs;

     viii.   Cal. Labor Code §§ 226.7 and IWC Wage Order No. 9 by failing to authorize and permit paid rest periods to Van Driver Plaintiffs;

     ix.   Cal. Labor Code §§ 201-203, for willful failure to pay required compensation at the time of termination of employment, resulting

in unpaid waiting time penalties for Former Driver Plaintiffs;

    x.  The Los Angeles Minimum Wage Ordinance, Office of Wage Standards Ordinance, and accompanying Rules and Regulations for failure to provide paid sick leave, pay minimum wage for all hours worked, and post required information as to Los Angeles Driver Plaintiffs; and

    xi.  Cal. Business and Professions Code §§ 17200-17208, by failing to reimburse Plaintiffs for necessarily incurred business expenses, failing to pay Plaintiffs the applicable minimum wage for all hours work; failing to provide Plaintiffs with accurate itemized wage statements including the inclusive dates of the periods for which employees are paid, the name and address of the legal entity that is the employer, and total hours worked and pay rates; failing to provide policies and procedures for Unpaid Sick Leave Driver Plaintiffs to accrue and take paid sick leave; failing to pay overtime to Van Driver Plaintiffs as required by law; failing to provide off-duty meal periods and authorize and permit off-duty rest periods and/or pay meal and rest period premium compensation to Van Driver Plaintiffs; willfully failing to pay all compensation owed to Former Driver Plaintiffs upon termination of employment; and failing to comply with the requirements of Los Angeles' Minimum Wage and Office of Wage Standards Ordinances as to Los Angeles Driver Plaintiffs.

B.    A declaratory judgment that Defendants' violations as described above were willful;

C.    An award to Plaintiffs of damages in the amount of necessarily incurred business expenses, minimum wage compensation, sick leave compensation (for Unpaid Sick Leave Driver Plaintiffs), overtime compensation (for Van

COMPLAINT FOR DAMAGES, RESTIT., PENALTIES, & DECL. RELIEF

Driver Plaintiffs), meal and rest period compensation (for Van Driver Plaintiffs), liquidated damages, and interest thereon, subject to proof at trial;

D.    An award to Plaintiffs of penalties because of Defendants' failure to provide Plaintiffs with itemized wage statements that comply with the requirements of Cal. Labor Code § 226, failure to pay all wages owed at termination as required by Labor Code § 203, and failure to comply with the requirements of the Los Angeles Minimum Wage and Office of Wage Standards Ordinances under Los Angeles Municipal Code § 188.07, subject to proof at trial;

E.    An order requiring Defendants to pay restitution of all amounts owed to Plaintiffs for Defendants' failure to reimburse for business expenses, pay minimum wage for all hours worked, accrued sick leave (for Unpaid Sick Leave Driver Plaintiffs), overtime premium pay (for Van Driver Plaintiffs), and meal and rest period pay (for Van Driver Plaintiffs), and interest thereon, in an amount according to proof, pursuant to Business & Professions Code § 17203;

F.    An award to Plaintiffs of reasonable attorneys' fees and costs, pursuant to Cal. Code of Civil Procedure § 1021.5 and Cal. Labor Code §§ 218.5, 226, 1194, and 2802; 29 U.S.C. § 216(b); Los Angeles Municipal Code § 188.07; and/or other applicable law; and

/ / /

/ / /

/ / /

G.    An award to Plaintiffs of such other and further relief as this Court deems just and proper.

Respectfully submitted,

DATED: January 27, 2023

LEONARD CARDER, LLP
ALTSHULER BERZON LLP
HADSELL STORMER RENICK & DAI LLP


By: /s/ Cornelia Dai

Aaron Kaufmann
Elizabeth Gropman
Amanda Eaton
LEONARD CARDER, LLP

James M. Finberg
Eve H. Cervantez
Amanda C. Lynch
Sam Hull
ALTSHULER BERZON LLP

Cornelia Dai
Sarah Cayer
HADSELL STORMER RENICK & DAI LLP

*Attorneys for Plaintiffs*

/ / /

/ / /

/ / /

COMPLAINT FOR DAMAGES, RESTIT., PENALTIES, & DECL. RELIEF

1          **DEMAND FOR JURY TRIAL**

2          Plaintiffs respectfully request a trial by jury.

3                                              Respectfully submitted,

4     DATED: January 27, 2023              LEONARD CARDER, LLP

5                                              ALTSHULER BERZON LLP

6                                              HADSELL STORMER RENICK & DAI LLP

7                                              By: /s/ Cornelia Dai

8                                                    Aaron Kaufmann
9                                                    Elizabeth Gropman
                                                     Amanda Eaton
10                                                   LEONARD CARDER, LLP

11                                                   James M. Finberg
12                                                   Eve H. Cervantez
                                                     Amanda C. Lynch
13                                                   Sam Hull
                                                     ALTSHULER BERZON LLP
14
                                                     Cornelia Dai
15                                                   Sarah Cayer
16                                                   HADSELL STORMER RENICK &
                                                     DAI LLP
17                                                   *Attorneys for Plaintiffs*

18

19

20

21

22

23

24

25

26

27

28

33

COMPLAINT FOR DAMAGES, RESTIT., PENALTIES, & DECL. RELIEF