O

# United States District Court
# Central District of California

| | |
|---|---|
| ROOSEVELT ESPINOSA et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CEVA FREIGHT, LLC et al.,<br><br>Defendants. | Case № 2:23-cv-00659-ODW (Ex)<br><br>**ORDER GRANTING MOTION FOR LEAVE TO WITHDRAW AS COUNSEL OF RECORD FOR PLAINTIFF GUSTAVO TARIN [48]** |

Attorneys Aaron Kaufmann, James M. Finberg, and Cornelia Dai, on behalf of all additionally named counsel and law firms Leonard Carder, LLP, Altshuler Berzon LLP, and Hadsell, Stormer, Renick & Dai LLP ("Counsel") seek leave to withdraw as counsel of record for Plaintiff Gustavo Tarin. (Mot. Leave Withdraw ("Mot."), ECF No. 48.) Counsel seeks to withdraw from representation on the grounds that they have had no communication from Plaintiff and withdrawal will not result in injustice or undue delay. (*Id.* 3–5.) After carefully considering the papers filed in connection with the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

The decision to grant or deny a motion to withdraw as counsel for a party is within a court's discretion. *See Huntington Learning Ctrs., Inc. v. Educ. Gateway, Inc.*, No. CV 09-3200-PSG (VBKx), 2009 WL 2337863, at *1 (C.D. Cal. July 28, 2009). Pursuant to the local rules of this district, "[a]n attorney may not withdraw as counsel except by leave of court." C.D. Cal. L.R. 83-2.3.2. "A motion for leave to withdraw must be made upon written notice given reasonably in advance to the client and to all other parties who have appeared in the action . . . and must be supported by good cause." C.D. Cal. L.R. 83-2.3.2. In determining whether good cause is shown, a court may consider: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Barrios v. Equifax Info. Servs., LLC*, No. CV 19-5009-PSG (JEMx), 2020 WL 4919386, at *1 (C.D. Cal. June 12, 2020). The court may also consider any relevant rules of professional responsibility. See *id*.

Counsel has sufficiently established good cause for withdrawal, which will not unduly prejudice the parties, harm the administration of justice, or cause delay. Withdrawal is warranted here due to the complete lack of communication between Plaintiff and Counsel. *See* Cal. R. Pro. Conduct 1.16(b)(4) (recognizing permissive withdrawal where the client's "conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively"). Further, permitting withdrawal now will not delay the resolution of the case and there is no prejudice to other litigants, as no party has objected to Counsel's Motion. Counsel also establishes compliance with the Court's local rules. Counsel has given written notice to Plaintiff, and to all other parties that have appeared in the action, reasonably in advance of the hearing on the Motion. (Decl. Cornelia Dai ISO Mot. ¶¶ 9–12, ECF No. 48-1.)

"When an attorney of record for any reason ceases to act for a party, such party must appear pro se or appoint another attorney . . . ." C.D. Cal. L.R. 83[.]2.3.3. Should Plaintiff choose to continue as a pro se litigant in this case, the Court advises

him to carefully review the Federal Rules of Civil Procedure, the Local Rules, and this Court's Case Management Order before proceeding further.  Plaintiff is advised that the Federal Pro Se Clinic offers free information and guidance to individuals who are representing themselves in federal civil actions.  The Los Angeles Clinic operates by appointment only.  Plaintiff may schedule an appointment either by calling the Clinic or by using an internet portal.  Plaintiff can call the Clinic at (213) 385-2977, ext. 270 or submit an internet request at the following site: http://prose.cacd.uscourts.gov/los-angeles.  Clinic staff can respond to many questions with a telephonic appointment or through an email account.  It may be more convenient to email questions or schedule a telephonic appointment.  Staff can also schedule an in-person appointment at their location in the Roybal Federal Building and Courthouse, 255 East Temple Street, Suite 170, Los Angeles, California 90012.  Plaintiff is encouraged to visit the clinic or otherwise consult with an attorney prior to proceeding.

Accordingly, Counsel's Motion is **GRANTED**.  (ECF No. 48.)  It is hereby ordered that:

1. Counsel shall file with the Court a (Proposed) Order on Request for Approval of Substitution or Withdrawal of Attorney, G-01 Order, available on the Court's website, providing Plaintiff's contact information, including his mailing address, e-mail address, and telephone number, **within five days** of the date of this Order.
2. Counsel and their law firms' withdrawal from representation of Plaintiff in this action will not be effective unless and until the Court receives a compliant G-01 (Proposed) Order.
3. Counsel shall serve a copy of this Order on Plaintiff **within five days** of the date of this Order.

**IT IS SO ORDERED.**

January 11, 2024

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**

3