ROBERT R. ROGINSON, CA Bar No. 185286
robert.roginson@ogletree.com
ALEXANDER M. CHEMERS, CA Bar No. 263726
zander.chemers@ogletree.com
JULIANA C. VALLIER, CA Bar No. 345339
juliana.vallier@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
400 South Hope Street, Suite 1200
Los Angeles, CA 90071
Telephone: 213-239-9800
Facsimile: 213-239-9045

*[Additional Counsel on following page]*

Attorneys for Defendant
CEVA FREIGHT, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| ROOSEVELT ESPINOSA; RUXNER ANDINO; EMEKA ANIAGBA; MAYCOL CAMEY; HANS DURAN; JOSE FERNANDEZ; CESAR GALINDO; ANTONIO HERMOSILLO; OTASOWIE ISIBOR; ISRAEL PONCE; RAFAEL ZAYAS; GUSTAVO TARIN; AND MANUEL GUZMAN, | Case No. 2:23-cv-00659-ODW-E |
|---|---|
| Plaintiffs, | **DEFENDANT CEVA FREIGHT, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO SIXTH AMENDED COMPLAINT; DEMAND FOR JURY TRIAL** |
| v. | |
| CEVA FREIGHT, LLC, a Delaware Company; and DOES 1-10, inclusive, | Complaint Filed: January 27, 2023 Trial Date: October 14, 2025 District Judge: Hon. Otis D. Wright II Courtroom 5D, First St. Magistrate Judge: Hon. Charles F. Eick Courtroom 750, Roybal |
| Defendants. | |

CONOR J. DALE, CA Bar No. 274123
conor.dale.jacksonlewis.com
JACKSON LEWIS P.C.
50 California St., 9th Floor
San Francisco, CA  94111
Telephone: (415) 394-9400
Facsimile:    (415) 394-9401

Attorneys for Defendant
CEVA FREIGHT, LLC

DEFENDANT CEVA FREIGHT, LLC'S ANSWER AND
AFFIRMATIVE DEFENSES TO SIXTH AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Defendant CEVA FREIGHT, LLC ("CEVA" or "Defendant"), by and through its undersigned counsel, and pursuant to the Federal Rules of Civil Procedure, hereby Answers and asserts the following Affirmative Defenses to the Sixth Amended Complaint filed by Plaintiffs ROOSEVELT ESPINOSA, et. al. ("Plaintiffs") (DKT 103), and states as follows:

1.    Admitted for jurisdictional purposes only.

2.    Admitted for jurisdictional purposes only.

3.    Denied that Plaintiffs drove for Defendant and their customers as Plaintiffs drove for third-party trucking companies.  Defendant does not know what Plaintiffs are seeking to recover.

4.    Admitted to the extent that Defendant CEVA is a freight logistics company but denied that it is only in the business of "transporting freight" and denied that CEVA relies on drivers like Plaintiffs to pick up and deliver freight, as CEVA subcontracts with Cargomatic to have freight delivered to and from CEVA warehouse terminals and CEVA's customers.

5.    Admitted that at least some Plaintiffs previously worked with CEVA under "Independent Contractor Service Agreements" and settled wage and hour and reimbursement claims and later terminated those agreements.  Denied that CEVA relies on Cargomatic to contract and pay drivers to transport freight for CEVA and its customers, as CEVA subcontracts with Cargomatic and Cargomatic contracts with third-party trucking companies to deliver freight.

6.    Denied that Plaintiffs and other drivers perform work that is entirely within the usual course of CEVA's business.  Denied that they drive box trucks, cargo vans, and tractor-trailer rigs to transport freight for CEVA, as they drive to deliver freight for third-party trucking companies.  Denied that Plaintiffs and other drivers receive payment "funneled" through Cargomatic, as the drivers are paid by third-party trucking companies.  Denied that CEVA ignores its obligations under the law, and denied that it is the employer of the drivers including Plaintiffs.

7.    Admitted that Plaintiffs have brought various claims against Defendant; Denied in all other respects.

8.    Admitted for venue purposes only.

9.    Defendant does not know or have enough information to form a belief as to where Roosevelt Espinosa is domiciled. Admitted that Plaintiff Espinosa picked up and delivered CEVA freight but denies that this plaintiff drove "for CEVA." CEVA lacks sufficient information to admit or deny allegations regarding the work this plaintiff allegedly performed, the duration of the alleged work performed, or what vehicle he used, and denies these allegations on that basis.   CEVA denies the remaining allegations as this plaintiff did not drive routes "for CEVA" as CEVA is informed, believes, and thereon alleges that plaintiffs drove for third-party trucking companies. Defendant further denies the remaining allegations.

10.    Defendant does not know or have enough information to form a belief as to where Ruxner Andino is domiciled. Defendant admits that Plaintiff Andino picks up and delivers CEVA freight but denies that this plaintiff drives "for CEVA." Defendant lacks sufficient information to admit or deny allegations regarding the work this plaintiff allegedly performs, the duration of the alleged work performed, or what vehicle he uses, and denies these allegation on that basis. Defendant denies the remaining allegations as this plaintiff does not drive routes "for CEVA" as CEVA is informed, believes, and thereon alleges that plaintiffs drove for third-party trucking companies.. Defendant further denies the remaining allegations.

11.    Defendant does not know or have enough information to form a belief as to where Emeka Aniagba is domiciled. Defendant admits that Plaintiff Aniagba picks up and delivers CEVA freight but denies that this plaintiff drives "for CEVA." Defendant lacks sufficient information to admit or deny allegations regarding the work this plaintiff allegedly performs, the duration of the alleged work performed, or what vehicle he uses, and denies these allegation on that basis. Defendant denies the remaining allegations as this plaintiff does not drive routes "for CEVA" as CEVA is

DEFENDANT CEVA FREIGHT, LLC'S ANSWER AND
AFFIRMATIVE DEFENSES TO SIXTH AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

informed, believes, and thereon alleges that plaintiffs drove for third-party trucking companies.. Defendant further denies the remaining allegations.

12.    Defendant does not know or have enough information to form a belief as to where Maycol Camey is domiciled. Defendant admits that Plaintiff Camey picked up and delivered CEVA freight but denies that this plaintiff drove "for CEVA." Defendant lacks sufficient information to admit or deny allegations regarding the work this plaintiff allegedly performed, the duration of the alleged work performed, or what vehicle he used, and denies these allegations on that basis. Defendant denies the remaining allegations as this plaintiff did not drive routes "for CEVA" as CEVA is informed, believes, and thereon alleges that plaintiffs drove for third-party trucking companies. Defendant further denies the remaining allegations.

13.    Defendant does not know or have enough information to form a belief as to where Hans Duran is domiciled. Defendant admits that Plaintiff Duran picked up and delivered CEVA freight but denies that this plaintiff drove "for CEVA." Defendant lacks sufficient information to admit or deny allegations regarding the work this plaintiff allegedly performed, the duration of the alleged work performed, or what vehicle he used, and denies these allegation on that basis. Defendant denies the remaining allegations as this plaintiff did not drive routes "for CEVA" as CEVA is informed, believes, and thereon alleges that plaintiffs drove for third-party trucking companies. Defendant further denies the remaining allegations.

14.    Defendant does not know or have enough information to form a belief as to where Jose Fernandez is domiciled. Defendant admits that Plaintiff Fernandez picked up and delivered CEVA freight but denies that this plaintiff drove "for CEVA." Defendant lacks sufficient information to admit or deny allegations regarding the work this plaintiff allegedly performed, the duration of the alleged work performed, or what vehicle he used, and denies these allegations on that basis. Defendant denies the remaining allegations as this plaintiff dd not drive routes "for CEVA" as CEVA is informed, believes, and thereon alleges that plaintiffs drove for third-party trucking

DEFENDANT CEVA FREIGHT, LLC'S ANSWER AND
AFFIRMATIVE DEFENSES TO SIXTH AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

companies. Defendant further denies the remaining allegations.

15.    Defendant does not know or have enough information to form a belief as to where Cesar Galindo is domiciled. Defendant admits that Plaintiff Galindo picked up and delivered CEVA freight but denies that this plaintiff drove "for CEVA." Defendant lacks sufficient information to admit or deny allegations regarding the work this plaintiff allegedly performed, the duration of the alleged work performed, or what vehicle he used, and denies these allegations on that basis. Defendant denies the remaining allegations as this plaintiff did not drive routes "for CEVA" as CEVA is informed, believes, and thereon alleges that plaintiffs drove for third-party trucking companies. Defendant further denies the remaining allegations.

16.    Defendant does not know or have enough information to form a belief as to where Antonio Hermosillo is domiciled. Defendant admits that Plaintiff Hermosillo picked up and delivered CEVA freight but denies that this plaintiff drove "for CEVA." Defendant lacks sufficient information to admit or deny allegations regarding the work this plaintiff allegedly performed, the duration of the alleged work performed, or what vehicle he used, and denies these allegations on that basis. Defendant denies the remaining allegations as this plaintiff did not drive routes "for CEVA" as CEVA is informed, believes, and thereon alleges that plaintiffs drove for third-party trucking companies. Defendant further denies the remaining allegations.

17.    Defendant does not know or have enough information to form a belief as to where Otasowie Isibor is domiciled. Defendant admits that Plaintiff Isibor picks up and delivers CEVA freight but denies that this plaintiff drives "for CEVA." Defendant lacks sufficient information to admit or deny allegations regarding the work this plaintiff allegedly performs, the duration of the alleged work performed, or what vehicle he uses, and denies these allegations on that basis. Defendant denies the remaining allegations as this plaintiff does not drive routes "for CEVA" as CEVA is informed, believes, and thereon alleges that plaintiffs drove for third-party trucking companies. Defendant further denies the remaining allegations.

Case No. 2:23-cv-00659-ODW-E
DEFENDANT CEVA FREIGHT, LLC'S ANSWER AND
AFFIRMATIVE DEFENSES TO SIXTH AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

18.     Defendant does not know or have enough information to form a belief as to where Israel Ponce is domiciled. Defendant admits that Plaintiff Ponce picked up and delivered CEVA freight but denies that this plaintiff drove "for CEVA." Defendant lacks sufficient information to admit or deny allegations regarding the work this plaintiff allegedly performed, the duration of the alleged work performed, or what vehicle he used, and denies these allegation on that basis. Defendant denies the remaining allegations as this plaintiff did not drive routes "for CEVA" as CEVA is informed, believes, and thereon alleges that Plaintiffs drove for third-party trucking companies. Defendant further denies the remaining allegations.

19.     Defendant does not know or have enough information to form a belief as to where Rafael Zayas is domiciled. Defendant admits that Plaintiff Zayas picked up and delivered CEVA freight but denies that this plaintiff drove "for CEVA." Defendant lacks sufficient information to admit or deny allegations regarding the work this plaintiff allegedly performed, the duration of the alleged work performed, or what vehicle he used, and denies these allegations on that basis. Defendant denies the remaining allegations as this plaintiff did not drive routes "for CEVA" as CEVA is informed, believes, and thereon alleges that plaintiffs drove for third-party trucking companies. Defendant further denies the remaining allegations.

20.     Defendant does not know or have enough information to form a belief as to where Gustavo Tarin is domiciled. Defendant admits that Plaintiff Tarin picked up and delivered CEVA freight but denies that this plaintiff drove "for CEVA." Defendant lacks sufficient information to admit or deny allegations regarding the work this plaintiff allegedly performed, the duration of the alleged work performed, or what vehicle he used, and denies these allegations on that basis. Defendant denies the remaining allegations as this plaintiff did not drive routes "for CEVA" as CEVA is informed, believes, and thereon alleges that plaintiffs drove for third-party trucking companies. Defendant further denies the remaining allegations.

///

DEFENDANT CEVA FREIGHT, LLC'S ANSWER AND
AFFIRMATIVE DEFENSES TO SIXTH AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

21.    Defendant does not know or have enough information to form a belief as to where Manual Guzman is domiciled. Defendant admits that Plaintiff Guzman picked up and delivered CEVA freight but denies that this plaintiff drove "for CEVA." Defendant lacks sufficient information to admit or deny allegations regarding the work this plaintiff allegedly performed, the duration of the alleged work performed, or what vehicle he used, and denies these allegations on that basis. Defendant denies the remaining allegations as this plaintiff did not drive routes "for CEVA" as CEVA is informed, believes, and thereon alleges that plaintiffs drove for third-party trucking companies. Defendant further denies the remaining allegations.

22.    Admitted.

23.    Admitted that CEVA is an employer; denied to the extent there is any implication that CEVA is Plaintiffs' employer.

24.    Defendant does not know or have enough information to form a belief as to whether this allegation is true and on that basis denies these allegations.

25.    Denied.

26.    Admitted to the extent that CEVA is a freight logistics company. Defendant denies the remaining allegations.

27.    Denied.

28.    Defendant admits that, before 2018, it retained drivers through independent contractor service agreements.  Defendant is unable to admit or deny the remaining allegation in this paragraph to the extent that this paragraph refers to specific individuals and/or specific agreements and on that basis denies these allegations.

29.    Admitted.

30.    Admitted.

31.    Admitted that after remand, the district court in *Narayan* denied class certification; Defendant is unable to admit or deny the remaining allegation in this paragraph as Plaintiffs fail to provide sufficient information regarding the referenced

purported class members, lawsuit, settlements, and drivers, and on that basis denies the remaining allegations.

32.    Admitted that in approximately 2018 CEVA stopped retaining California based drivers through independent contractor agreements; Defendant is unable to admit or deny the remaining allegations in this paragraph due to lack of sufficient information, and on that basis denies the remaining allegations.

33.    Denied as CEVA is informed and believes and thereon alleges that Cargomatic entered into independent contractor agreements with third-party trucking companies which employ or contract with drivers. Defendant denies the remaining allegations.

34.    Denied.

35.    Denied as to entire allegation except that CEVA provides paperwork to Cargomatic, and that Plaintiffs hand-in necessary paperwork before leaving CEVA terminals.

36.    Denied as to entire allegation except that CEVA is informed and believes, and thereon alleges that if drivers have issues or problems with executing a delivery or pick-up, they seek assistance from Cargomatic through telephone calls or text messages.

37.    Denied.

38.    Denied.

39.    Admitted that CEVA determines the prices it charges to its customers and that Plaintiffs have no control over the rates charged to CEVA's customers. Defendant denies the remaining allegations.

40.    CEVA denies it has independently, or in conjunction with Cargomatic, determined the compensation to be paid to Plaintiffs.  CEVA lacks sufficient information to admit or deny the remaining allegations in this paragraph, and on that basis denies these allegations.

///

41.    Denied to the extent there is any implication that Plaintiffs performed transportation services "for CEVA." Defendant does not know or have enough information to form a belief as to who pays for any equipment or insurance Plaintiffs use and on that basis denies these allegations.

42.    Admitted that CEVA has not indemnified Plaintiffs, but denied that it was legally required to do so.

43.    Admitted that CEVA has not paid Plaintiffs, but denied that it was legally required to do so.

44.    Defendant is unable to admit or deny this allegation as Plaintiff fails to provide sufficient information regarding the "settlement statements" that were allegedly "furnished to Plaintiffs" by an unidentified third party and denies the allegation on that basis.  CEVA denies the allegation in this paragraph to the extent that Plaintiffs allege that CEVA was legally required to provide a "settlement statement" to Plaintiffs.

45.    Admitted that CEVA did not pay sick leave to Plaintiffs but denied that it was legally required to do so.

46.    CEVA denies the allegation that it failed to provide meal periods to Plaintiffs; CEVA did not control or direct Plaintiffs' work and Plaintiffs were not CEVA's employees and therefore CEVA did not control Plaintiffs taking meal periods.  CEVA further denies this allegation to the extent Plaintiff alleges that CEVA had a legal obligation to provide Plaintiff with meal periods.

47.    CEVA denies the allegation that it failed to provide rest periods to Plaintiffs; CEVA did not control or direct Plaintiffs' work and Plaintiffs were not CEVA's employees and therefore CEVA did not control Plaintiffs taking rest periods. CEVA further denies this allegation to the extent Plaintiff alleges that CEVA had a legal obligation to provide Plaintiffs with rest periods.

48.    Denied.

///

DEFENDANT CEVA FREIGHT, LLC'S ANSWER AND
AFFIRMATIVE DEFENSES TO SIXTH AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

49.    Admitted that CEVA has not paid Plaintiffs minimum wages but denied that it was legally required to do so.

50.    Admitted that CEVA has not paid Plaintiffs overtime wages but denied that it was legally required to do so.

51.    Denied.

## FIRST CLAIM

52.    CEVA realleges and incorporates herein by reference its answers to the preceding paragraphs.

53.    CEVA denies that Plaintiffs acted under CEVA's instructions and denies the remaining allegations in this paragraph.

54.    Admitted that CEVA has not indemnified or reimbursed Plaintiffs but denied that it was legally required to do so.

55.    Denied.

56.    Defendant does not know or have enough information to form a belief as to what Plaintiffs are requesting, and on that basis denies this allegation.

## SECOND CLAIM

57.    CEVA realleges and incorporates herein by reference its answers to the preceding paragraphs.

58.    CEVA admits that the referenced legal authorities were in effect.  CEVA denies that Plaintiffs "were required" to receive minimum wages from CEVA as CEVA was not legally obligated to pay minimum wage to Plaintiffs.

59.    The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that this paragraph is an accurate recitation of legal authority cited by Plaintiffs.

60.    The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that this paragraph is an accurate recitation of legal authority cited by Plaintiffs.

///

61.    Admitted that CEVA has not paid Plaintiffs but denied that it was legally required to do so, denied that Plaintiffs worked for CEVA, and denied that Plaintiffs were engaged to wait at Defendant's facilities and in the field.

62.    The allegations in this paragraph are legal conclusions to which no response is required.  To the extent this paragraph alleges matters of fact, such allegations are denied.  Defendant specifically denies that Defendant was a client employer within the definition of Labor Code § 2810.3.

63.    The allegations in this paragraph are legal conclusions to which no response is required.

64.    The allegations in this paragraph are legal conclusions to which no response is required.

65.    The allegations in this paragraph are legal conclusions to which no response is required.

66.    The allegations in this paragraph are legal conclusions to which no response is required.  To the extent this paragraph alleges matters of fact, such allegations are denied.  Defendant specifically denies that Cargomatic served as a labor contractor under Labor Code § 2810.3 and specifically denies that freight transportation services are part of the usual course of Defendant's business.

67.    The allegations in this paragraph are legal conclusions to which no response is required.  To the extent this paragraph alleges matters of fact, such allegations are denied.  Defendant specifically denies that Defendant was a client employer within the definition of Labor Code § 2810.3.

68.    Denied.

69.    Defendant does not know or have enough information to form a belief as to what Plaintiffs are requesting, and on that basis denies this allegation.

## THIRD CLAIM

70.    CEVA realleges and incorporates herein by reference its answers to the preceding paragraphs.

71.    The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that this paragraph is an accurate recitation of legal authority cited by Plaintiffs.

72.    The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that this paragraph is an accurate recitation of legal authority cited by Plaintiffs.

73.    The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that this paragraph is an accurate recitation of legal authority cited by Plaintiffs.

74.    Denied.

75.    The allegations in this paragraph are legal conclusions to which no response is required.  To the extent this paragraph alleges matters of fact, such allegations are denied.  Defendant specifically denies that Defendant was a client employer within the definition of Labor Code § 2810.3.

76.    The allegations in this paragraph are legal conclusions to which no response is required.  To the extent this paragraph alleges matters of fact, such allegations are denied.  Defendant specifically denies that Cargomatic served as a labor contractor under Labor Code § 2810.3 and specifically denies that freight transportation services are part of the usual course of Defendant's business.

77.    The allegations in this paragraph are legal conclusions to which no response is required.  To the extent this paragraph alleges matters of fact, such allegations are denied.  Defendant specifically denies that Defendant was a client employer within the definition of Labor Code § 2810.3.

78.    Defendant does not know or have enough information to form a belief as to what Plaintiffs are requesting, and on that basis denies this allegation.

### FOURTH CLAIM

79.    CEVA realleges and incorporates herein by reference its answers to the preceding paragraphs.

DEFENDANT CEVA FREIGHT, LLC'S ANSWER AND
AFFIRMATIVE DEFENSES TO SIXTH AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

80.   The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that this paragraph is an accurate recitation of legal authority cited by Plaintiffs.

81.   The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that this paragraph is an accurate recitation of legal authority cited by Plaintiffs.

82.   Denied.

83.   Denied that CEVA failed to provide Plaintiffs with owed sick leave pay, and denied Defendant was legally obligated to do so.  CEVA lacks sufficient information to admit or deny the remaining allegations in this paragraph, and on that basis denies the remaining allegations.

84.   The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, and Plaintiff alleges that accrued paid sick leave hours qualify as wages under Labor Code § 200 et seq., Defendant denies this allegation.

85.   The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that this paragraph is an accurate recitation of legal authority cited by Plaintiffs.

86.   The allegations in this paragraph are legal conclusions to which no response is required.  To the extent this paragraph alleges matters of fact, such allegations are denied.  Defendant specifically denies that Defendant was a client employer within the definition of Labor Code § 2810.3.

87.   The allegations in this paragraph are legal conclusions to which no response is required.  To the extent this paragraph alleges matters of fact, such allegations are denied.  Defendant specifically denies that Cargomatic served as a labor contractor under Labor Code § 2810.3 and specifically denies that freight transportation services are part of the usual course of Defendant's business.

///

DEFENDANT CEVA FREIGHT, LLC'S ANSWER AND
AFFIRMATIVE DEFENSES TO SIXTH AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

88.     The allegations in this paragraph are legal conclusions to which no response is required.  To the extent this paragraph alleges matters of fact, such allegations are denied.  Defendant specifically denies that Defendant was a client employer within the definition of Labor Code § 2810.3.

89.     Defendant does not know or have enough information to form a belief as to what Plaintiffs are requesting, and on that basis denies this allegation.

90.     Defendant does not know or have enough information to form a belief as to what Plaintiffs are requesting, and on that basis denies this allegation.

## FIFTH CLAIM

91.     CEVA realleges and incorporates herein by reference its answers to the preceding paragraphs.

92.     Admit.

93.     Denied.

94.     Denied.

95.     The allegations in this paragraph are legal conclusions to which no response is required.  To the extent this paragraph alleges matters of fact, such allegations are denied.  Defendant specifically denies that Defendant was a client employer within the definition of Labor Code § 2810.3.

96.     The allegations in this paragraph are legal conclusions to which no response is required.  To the extent this paragraph alleges matters of fact, such allegations are denied.  Defendant specifically denies that Cargomatic served as a labor contractor under Labor Code § 2810.3 and specifically denies that freight transportation services are part of the usual course of Defendant's business.

97.     The allegations in this paragraph are legal conclusions to which no response is required.  To the extent this paragraph alleges matters of fact, such allegations are denied.  Defendant specifically denies that Defendant was a client employer within the definition of Labor Code § 2810.3.

98.     Denied.

99.   Defendant does not know or have enough information to form a belief as to what Plaintiffs are requesting, and on that basis denies this allegation.

**SIXTH CLAIM**

100.   CEVA realleges and incorporates herein by reference its answers to the preceding paragraphs.

101.   Admitted that CEVA is an employer that CEVA engages in interstate commerce; Denied that CEVA is Plaintiffs' employer; CEVA admits that CEVA has gross operating revenue in excess of $500,000.

102.   Admitted except denied for any implication that Defendant was Plaintiffs' employer.

103.   Defendant does not know or have enough information to form a belief as to whether Plaintiffs are exempt from overtime but denied that Defendant is their employer and denied that Defendant owes any overtime wages to Plaintiffs. CEVA further denies this allegation to the extent Plaintiff alleges that CEVA had a legal obligation to pay overtime wages to Plaintiffs.

104.   Defendant does not know or have enough information to form a belief as to how many hours Plaintiffs worked, and on that basis denies this allegation.

105.   Denied.

106.   Denied.

107.   Denied.

108.   Denied.

109.   Defendant does not know or have enough information to form a belief as to what Plaintiffs are requesting, and on that basis denies this allegation.

**SEVENTH CLAIM**

110.   CEVA realleges and incorporates herein by reference its answers to the preceding paragraphs.

111.   CEVA denies the allegation that it failed to provide meal periods to Plaintiffs; CEVA did not control or direct Plaintiffs' work and Plaintiffs were not

CEVA's employees and therefore CEVA did not control Plaintiffs taking meal periods. CEVA further denies this allegation to the extent Plaintiff alleges that CEVA had a legal obligation to provide Plaintiff with meal periods. CEVA denies the remaining allegations.

112.    CEVA denies the allegation that it failed to provide meal periods to Plaintiffs; CEVA did not control or direct Plaintiffs' work and Plaintiffs were not CEVA's employees and therefore CEVA did not control Plaintiffs taking meal periods. CEVA further denies this allegation to the extent Plaintiff alleges that CEVA had a legal obligation to provide Plaintiff with meal periods. CEVA denies the remaining allegations.

113.    Denied.

114.    The allegations in this paragraph are legal conclusions to which no response is required.  To the extent this paragraph alleges matters of fact, such allegations are denied.  Defendant specifically denies that Defendant was a client employer within the definition of Labor Code § 2810.3.

115.    The allegations in this paragraph are legal conclusions to which no response is required.  To the extent this paragraph alleges matters of fact, such allegations are denied.  Defendant specifically denies that Cargomatic served as a labor contractor under Labor Code § 2810.3 and specifically denies that freight transportation services are part of the usual course of Defendant's business.

116.    The allegations in this paragraph are legal conclusions to which no response is required.  To the extent this paragraph alleges matters of fact, such allegations are denied.  Defendant specifically denies that Defendant was a client employer within the definition of Labor Code § 2810.3.

117.    Defendant does not know or have enough information to form a belief as to what Plaintiffs are requesting, and on that basis denies this allegation.

///

///

DEFENDANT CEVA FREIGHT, LLC'S ANSWER AND
AFFIRMATIVE DEFENSES TO SIXTH AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

## **EIGHTH CLAIM**

118.   CEVA realleges and incorporates herein by reference its answers to the preceding paragraphs.

119.   The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that this paragraph is an accurate recitation of legal authority cited by Plaintiffs.

120.   The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that this paragraph is an accurate recitation of legal authority cited by Plaintiffs.

121.   CEVA denies the allegation that it failed to provide rest periods to Plaintiffs; CEVA did not control or direct Plaintiffs' work and Plaintiffs were not CEVA's employees and therefore CEVA did not control Plaintiffs taking rest periods. CEVA further denies this allegation to the extent Plaintiff alleges that CEVA had a legal obligation to provide Plaintiff with rest periods.

122.   CEVA denies the allegation that it failed to provide rest periods to Plaintiffs; CEVA did not control or direct Plaintiffs' work and Plaintiffs were not CEVA's employees and therefore CEVA did not control Plaintiffs taking rest periods. CEVA further denies this allegation to the extent Plaintiff alleges that CEVA had a legal obligation to provide Plaintiff with rest periods. CEVA denies the remaining allegations.

123.   Denied.

124.   The allegations in this paragraph are legal conclusions to which no response is required.  To the extent this paragraph alleges matters of fact, such allegations are denied.  Defendant specifically denies that Defendant was a client employer within the definition of Labor Code § 2810.3.

125.   The allegations in this paragraph are legal conclusions to which no response is required.  To the extent this paragraph alleges matters of fact, such allegations are denied.  Defendant specifically denies that Cargomatic served as a labor

contractor under Labor Code § 2810.3 and specifically denies that freight transportation services are part of the usual course of Defendant's business.

126.   The allegations in this paragraph are legal conclusions to which no response is required.  To the extent this paragraph alleges matters of fact, such allegations are denied.  Defendant specifically denies that Defendant was a client employer within the definition of Labor Code § 2810.3.

127.   Defendant does not know or have enough information to form a belief as to what Plaintiffs are requesting, and on that basis denies this allegation.

## NINTH CLAIM

128.   CEVA realleges and incorporates herein by reference its answers to the preceding paragraphs.

129.   The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that this paragraph is an accurate recitation of legal authority cited by Plaintiffs.

130.   The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that this paragraph is an accurate recitation of legal authority cited by Plaintiffs.

131.   The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that this paragraph is an accurate recitation of legal authority cited by Plaintiffs.

132.   Admitted that CEVA did not pay compensation and wages to Plaintiffs, but denied that it was legally obligated to do so.  Defendant denies the remaining allegations in this paragraph.

133.   The allegations in this paragraph are legal conclusions to which no response is required.  To the extent this paragraph alleges matters of fact, such allegations are denied.  Defendant specifically denies that Defendant was a client employer within the definition of Labor Code § 2810.3.

///

134.   The allegations in this paragraph are legal conclusions to which no response is required.   To the extent this paragraph alleges matters of fact, such allegations are denied.  Defendant specifically denies that Cargomatic served as a labor contractor under Labor Code § 2810.3 and specifically denies that freight transportation services are part of the usual course of Defendant's business.

135.   The allegations in this paragraph are legal conclusions to which no response is required.   To the extent this paragraph alleges matters of fact, such allegations are denied.   Defendant specifically denies that Defendant was a client employer within the definition of Labor Code § 2810.3.

136.   Defendant does not know or have enough information to form a belief as to what Plaintiffs are requesting, and on that basis denies this allegation.

## TENTH CLAIM

137.   Defendant is unable to admit or deny the allegations in this paragraph as these allegations address undisclosed Plaintiffs performing unspecified work.

138.   The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that the cited section of the Los Angeles Municipal Code addresses minimum wage requirements.

139.   The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that the cited section of the Los Angeles Municipal Code addresses paid sick leave.

140.   The allegations in this paragraph are legal conclusions to which no response is required.   To the extent a response is required, Defendant admits that Plaintiffs accurately refer to the cited section of the Los Angeles Municipal Code.

141.   The allegations in this paragraph are legal conclusions to which no response is required.   To the extent a response is required, Defendant admits that Plaintiffs accurately refer to the cited section of the Los Angeles Municipal Code.

142.   Denied.

DEFENDANT CEVA FREIGHT, LLC'S ANSWER AND
AFFIRMATIVE DEFENSES TO SIXTH AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

143.   Denied.

144.   Defendant does not know or have enough information to form a belief as to what Plaintiffs are requesting, and on that basis denies this allegation.

## ELEVENTH CLAIM

145.   CEVA realleges and incorporates herein by reference its answers to the preceding paragraphs.

146.   The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that this paragraph is an accurate recitation of legal authority cited by Plaintiffs.

147.   The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that this paragraph is an accurate recitation of legal authority cited by Plaintiffs.

148.   Denied.

149.   Admitted that UCL prohibits unfair business practices or acts; remainder of allegation is denied.

150.   Denied.

151.   Denied.

152.   Denied.

153.   Denied.

154.   Denied.

155.   Denied.

156.   Defendant does not know or have enough information to form a belief as to what Plaintiffs have assumed or whether it is a financial burden, and on that basis denies this allegation; denied that any attorneys' fees are appropriate.

157.   Defendant does not know or have enough information to form a belief as to what Plaintiffs are requesting, and on that basis denies this allegation.

///

///

## **AFFIRMATIVE DEFENSES**

Without assuming the burden of proof on any matters that would otherwise rest with the Plaintiffs, expressly denying all wrongdoing, and subject to a reasonable opportunity for further investigation and discovery, Defendant alleges the following defenses:

### **FIRST AFFIRMATIVE DEFENSE**

Any recovery on Plaintiffs' pleading, or any purported cause of action alleged therein, is barred, in whole or in part, because there is a valid, enforceable and mandatory arbitration agreement that governs the adjudication of the claims alleged against CEVA.

### **SECOND AFFIRMATIVE DEFENSE**

Any recovery on Plaintiffs' pleading, or any purported cause of action alleged therein, is barred because CEVA was not Plaintiffs' employer, was never a party to an employment relationship with Plaintiffs, and never controlled Plaintiffs' wages, hours, or working conditions.

### **THIRD AFFIRMATIVE DEFENSE**

Any recovery on Plaintiffs' pleading is barred because Plaintiffs were at all times independent contractors and not subject to the provisions of the California Labor Code, the applicable wage orders of the California Industrial Welfare Commission, and/or any other law alleged in their pleading.

### **FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs' pleading, and each purported cause of action alleged therein, is barred, in whole or in part, by the applicable statute of limitations, including, but not limited to, California Code of Civil Procedure §§ 338(a), 339, 340(a), 340(b), and Business and Professions Code § 17208.

///

///

///

DEFENDANT CEVA FREIGHT, LLC'S ANSWER AND
AFFIRMATIVE DEFENSES TO SIXTH AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims for meal and rest periods, as applied to CEVA, are preempted by the Federal Aviation Administration Authorization Act ("the FAAAA"; 49 U.S.C. § 14501).

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs' pleading, and each purported cause of action contained therein, as applied to CEVA is constitutionally impermissible under the Commerce Clause of the United States Constitution (Article I, Section 8, Clause 3) and the negative implications thereof (Dormant Commerce Clause).

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' pleading, and each purported cause of action contained therein, as applied to CEVA is constitutionally impermissible under the Equal Protection Clause of the 14th Amendment of the United States Constitution.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs' pleading, and each purported cause of action contained therein, is barred by the doctrine of waiver.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiffs' pleading, and each purported cause of action contained therein, is barred because Plaintiffs' come to this Court with unclean hands.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiffs' pleading, and each purported cause of action contained therein, is barred because Plaintiffs are estopped by their own conduct to claim any right to damages or any relief against CEVA.

**ELEVENTH AFFIRMATIVE DEFENSE**

CEVA is entitled to an offset for amounts Plaintiffs owe CEVA for receipt of any wages and other benefits to which they are not entitled and/or did not earn.

///

///

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiffs' pleading, and each purported cause of action contained therein, is barred, in whole or in part, to the extent that Plaintiffs previously have pursued the same claim in any court or administrative forum.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' pleading, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against CEVA upon which relief may be granted.

**FOURTEENTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiffs were employees, which CEVA expressly denies, Plaintiffs' claim under California Labor Code § 2802 is barred, in whole or in part, because, at all relevant times, CEVA reimbursed its employees for the costs of expenses incurred in the discharge of their duties and/or did not otherwise require them to bear such costs and/or such expenses were not reasonably necessary for the performance of the employees' duties.

**FIFTEENTH AFFIRMATIVE DEFENSE**

To the extent Plaintiffs were employees, which CEVA expressly denies, Plaintiffs' pleading, and each purported cause of action contained therein, is barred, in whole or in part, by the doctrine of *in pari delicto* due to the conduct of Plaintiffs, including, but not limited to, their voluntary waiver of the meal periods and rest breaks that they were provided the opportunity to take, their voluntary decision to work more than 8 hours in a day or 40 hours in a week, and their voluntary decision not to request reimbursement for any expenses they incurred.

**SIXTEENTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiffs were employees, which CEVA expressly denies, any recovery on Plaintiffs' pleading with respect to allegations of failure to reimburse employee expenses or unlawful deduction of employee expenses is barred because, assuming arguendo, that such expenses were reasonably incurred by Plaintiffs in the

course and scope of employment with CEVA, no Plaintiff ever gave CEVA notice that any such expenses were incurred, no Plaintiff requested reimbursement for such expenses from CEVA, and CEVA at all relevant times was unaware that such expenses had been incurred.

## SEVENTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs were employees, which CEVA expressly denies, any recovery on Plaintiffs' pleading with respect to allegations of failure to pay a minimum wage is barred because Plaintiffs were compensated above the governing minimum wage for all hours worked and/or CEVA's compensation policy included payment for all hours under CEVA's purported control.

## EIGHTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs were employees, which CEVA expressly denies, any recovery on Plaintiffs' claim for liquidated damages under California Labor Code § 1194.2 or the Fair Labor Standards Act fails because the alleged acts or omissions giving rise to CEVA's alleged failure to pay Plaintiffs the minimum wage were undertaken in good faith and CEVA had reasonable grounds for believing that the acts and omissions were not a violation of any provision of the law.

## NINETEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs were employees, which CEVA expressly denies, any recovery on Plaintiffs' pleading is barred, in whole or in part, because Plaintiffs are not entitled to any other compensation or penalties under the terms of their respective agreed upon compensation plans which compensation plans were in compliance with all governing laws.

## TWENTIETH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs were employees, which CEVA expressly denies, Plaintiffs' claims are barred, in whole or in part, because Plaintiffs did not suffer injury as a result of a knowing and intentional failure by CEVA to comply with California Labor Code § 226(a).

## TWENTY-FIRST AFFIRMATIVE DEFENSE

To the extent that Plaintiffs were employees, which CEVA expressly denies, Plaintiffs' claims are barred, in whole or in part, because CEVA's failure was not a "knowing and intentional failure" under California Labor Code § 226(e).

## TWENTY-SECOND AFFIRMATIVE DEFENSE

To the extent that Plaintiffs were employees, which CEVA expressly denies, any recovery on Plaintiffs' pleading with respect to allegations of failure to pay overtime premiums is barred because Plaintiffs are not entitled to any wages or other compensation or penalties under the terms of their respective agreed upon compensation plans which compensation plan were in compliance with all governing laws.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

To the extent that Plaintiffs were employees, which CEVA expressly denies, any recovery on Plaintiffs' pleading with respect to allegations of failure to pay overtime premiums is barred because Plaintiffs were compensated for all hours worked and/or CEVA's compensation policy included payment for all hours under CEVA's purported control.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for failure to provide off-duty meal periods and to authorize or permit rest breaks are preempted by the Federal Motor Carrier Safety Administration in California's Meal and Rest Break Rules for Commercial Motor Vehicle Drivers, 83 Fed. Reg. 67,470 (Dec. 28, 2018) and upheld by the Ninth Circuit in *International Brotherhood of Teamsters, Local 2785 v. Federal Motor Carrier Safety Administration*, 986 F.3d 841, 854 (9th Cir. 2021).

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs were employees, which CEVA expressly denies, any recovery on Plaintiffs' pleading with respect to allegations of failure to provide off-duty meal periods and to authorize or permit rest breaks is barred because Plaintiffs

were informed of their rights to take all meal and rest breaks to which they were entitled, were encouraged to take all meal and rest breaks to which they were entitled, were permitted to take all meal and rest breaks to which they were entitled, and were never denied the right or opportunity to take such meal or rest breaks.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiffs were employees, which CEVA expressly denies, any recovery on Plaintiffs' pleading with respect to allegations of failure to provide off-duty meal periods and to authorize or permit rest breaks is barred because Plaintiffs waived their meal and rest breaks to the extent that they did not take such meal or rest breaks during their shifts of their own free will.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiffs were employees, which CEVA expressly denies, any recovery on Plaintiffs' pleading with respect to allegations of failure to provide off-duty meal periods and to authorize or permit rest breaks is limited to a penalty of one hour's pay per workday pursuant to California Labor Code § 226.7.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiffs were employees, which CEVA expressly denies, any recovery on Plaintiffs' pleading seeking waiting time penalties is barred because CEVA maintained a good faith belief at all times that no such compensation was ever due and owing to Plaintiffs and/or CEVA's conduct was not willful.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

Plaintiffs' pleading, and each purported cause of action contained therein, fails to state a valid claim for attorneys' fees against CEVA.

**THIRTIETH AFFIRMATIVE DEFENSE**

To the extent that Plaintiffs were employees, which CEVA expressly denies, any recovery on Plaintiffs' pleading is barred, in whole or in part, because Plaintiffs failed to work or record all time worked as reasonably expected or required by CEVA and/or any relevant third party.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiffs' claim for penalties is barred because there is no private right of action under California Labor Code §§ 226, 512, and 1197.1.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiffs' pleading, and each purported cause of action contained therein, is barred or reduced as to a respective Plaintiff to the extent that Plaintiff entered into any accord and satisfaction with respect to any claim asserted in this lawsuit.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

Plaintiffs are not entitled to any equitable or injunctive relief as prayed for in their pleading because Plaintiffs have suffered no irreparable injury based on any alleged conduct of CEVA, and they have an adequate remedy at law for any such alleged conduct.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

Any recovery on Plaintiffs' pleading, or any purported cause of action alleged therein, is barred in whole or in part because of Plaintiffs' failure to exercise reasonable diligence to mitigate their alleged damages.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

Any recovery on Plaintiffs' pleading, or any purported cause of action alleged therein, is barred in whole or in part because Plaintiffs could have corrected any errors in their compensation by reporting them so that CEVA could correct them promptly.

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs' pleading, and each purported cause of action contained therein, is barred by the doctrine of laches, because Plaintiffs delayed inexcusably and unreasonably in pursuing any alleged claims, thereby causing substantial prejudice to CEVA.

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

Any recovery on Plaintiffs' operative complaint, and or any purported cause of action alleged therein, is barred in whole or in part and/or Plaintiffs' right to recover

against CEVA, if any, is reduced by the extent to which the acts, occurrences or damages alleged in the operative complaint were proximately caused by the acts of Plaintiff or the acts or omissions of another third party.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Because Plaintiffs' pleading is couched in conclusory terms, CEVA cannot fully anticipate all defenses that may be applicable to this action. Accordingly, CEVA reserves the right to assert additional defenses, if and to the extent such defenses are later found applicable.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

The claims in the operative complaint are barred to the extent that Congress' regulation of the motor carrier industry is so extensive that field preemption bars Plaintiffs' state law claims.

### FORTIETH AFFIRMATIVE DEFENSE

CEVA has engaged attorneys to represent it in defense of Plaintiffs' claims, and CEVA is thereby entitled to an award of reasonable attorneys' fees and costs pursuant to the California Labor Code or other applicable law upon judgment in its favor.

WHEREFORE, CEVA prays for judgment as follows:

1. That Plaintiffs take nothing by their pleading;

2. That Plaintiffs' pleading be dismissed in its entirety with prejudice;

3. That Plaintiffs be denied each demand, claim, and prayer for relief contained in their pleading;

4. That CEVA recover its costs incurred herein, including reasonable attorneys' fees; and

///

///

///

///

///

DEFENDANT CEVA FREIGHT, LLC'S ANSWER AND
AFFIRMATIVE DEFENSES TO SIXTH AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

5.    That CEVA be awarded such other and further relief as the Court deems just and proper.

DATED: May 19, 2025           OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


By:  /s/ *Juliana C. Vallier*
       Robert R. Roginson
       Alexander M. Chemers
       Juliana C. Vallier

Attorneys for Defendant
CEVA FREIGHT, LLC

# **DEMAND FOR JURY TRIAL**

Defendant CEVA FREIGHT, LLC respectfully requests a trial by jury.

DATED: May 19, 2025

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


By: /s/ *Juliana C. Vallier*
Robert R. Roginson
Alexander M. Chemers
Juliana C. Vallier

Attorneys for Defendant
CEVA FREIGHT, LLC

89776117.v2-OGLETREE