ROBERT R. ROGINSON, CA Bar No. 185286
robert.roginson@ogletree.com
ALEXANDER M. CHEMERS, CA Bar No. 263726
zander.chemers@ogletree.com
JULIANA C. VALLIER, CA Bar No. 345339
juliana.vallier@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
400 South Hope Street, Suite 1200
Los Angeles, CA 90071
Telephone: 213-239-9800
Facsimile: 213-239-9045

*[Additional Counsel on following page]*

Attorneys for Defendant
CEVA FREIGHT, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROOSEVELT ESPINOSA; RUXNER ANDINO; EMEKA ANIAGBA; MAYCOL CAMEY; HANS DURAN; JOSE FERNANDEZ; CESAR GALINDO; ANTONIO HERMOSILLO; OTASOWIE ISIBOR; ISRAEL PONCE; RAFAEL ZAYAS; GUSTAVO TARIN; and MANUEL GUZMAN, <br><br> Plaintiffs, <br><br> v. <br><br> CEVA FREIGHT, LLC, a Delaware Company; and DOES 1-10, inclusive, <br><br> Defendants. | Case No. 2:23-cv-00659-ODW-E <br><br> Date: July 14, 2025 <br> Time: 1:30 p.m. <br> Place: Courtroom 5D <br><br> **DEFENDANT'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT** <br><br> Complaint Filed: January 27, 2023 <br> Trial Date: October 14, 2025 <br> District Judge: Hon. Otis D. Wright II <br> Courtroom 5D, First St. <br> Magistrate Judge: Hon. Charles F. Eick <br> Courtroom 750, Roybal |

DEFENDANT'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

CONOR J. DALE, CA Bar No. 274123
conor.dale.jacksonlewis.com
JACKSON LEWIS P.C.
50 California St., 9th Floor
San Francisco, CA  94111
Telephone: (415) 394-9400
Facsimile:   (415) 394-9401

Attorneys for Defendant
CEVA FREIGHT, LLC

DEFENDANT'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS OPPOSITION TO PLAINTIFFS'
MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendant CEVA Freight, LLC ("Defendant") moves this court pursuant to the provisions of Federal Rule of Evidence 201 to take judicial notice of the facts below in support of its Opposition to Plaintiffs' Motion for Partial Summary Judgment.

Under Federal Rule of Evidence 201, judicial notice is appropriate of any "fact that is not subject to reasonable dispute" in that it either "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned." Fed. R. Evid. 201(b). Judicial notice of such facts is mandatory when requested by a party who has supplied the information to the court. *Id.* at 201(c).

It is well-established law that courts may take judicial notice of their own records, as well as the records of other courts, which are all matters of public record. *Harris v. Cty. of Orange*, 682 F.3d 1126, 1132 (2012) ("We may take judicial notice of undisputed matters of public record, including documents on file in federal or state courts.") (internal citation omitted); *Shulman v. Kaplan*, 2020 WL 2748022 at *3 (C.D. Cal. Jan. 28, 2020) ("Under Federal Rule of Evidence 201, a court may take judicial notice of court filings and other matters of public record."); *Stafford v. Brink's, Inc.*, 2015 WL 12699458 at *3 (C.D. Cal. Dec. 1, 2015) ("Judicial notice is proper of complaints, court orders, judgments, and other documents filed in other litigation."). Records also include the transcripts from court hearings. *Arrington v. City of Los Angeles*, 2017 WL 10543403 at *7 (C.D. Cal. June 30, 2017) ("Courts routinely take judicial notice of publicly available records, including hearing transcripts, from other court proceedings."), quoting *Foster Poultry Farms v. Alkar-Rapidpak-MP Equipment, Inc.*, 868 F.Supp.2d 983, 990 (E.D. Cal. 2012).

Accordingly, Defendant seeks judicial notice of the following:

- A class action lawsuit that was filed on October 14, 2005, in the United States District Court Northern District of California, entitled *Narayan v. EGL, Inc.*, Case No. CV–05–04181–RMW. A true and correct copy of the document obtained from PACER is attached as **Exhibit 1.**

3

1  • Except from the transcript of proceedings, held on January 13, 2020, in

2     the matter of *California Trucking Association v. Xavier Becerra*, Case

3     No. 18-cv-02458-BEN-BLM, filed in the United States District Court for

4     the Southern District of California. A true and correct copy of the excerpt

5     from the hearing transcript is attached as **Exhibit 2.**

6

7  DATED: June 16, 2025                OGLETREE, DEAKINS, NASH, SMOAK &
                                       STEWART, P.C.
8

9                                      By: /s/*Juliana C. Vallier*

10                                          Robert R. Roginson
                                           Alexander M. Chemers
11                                          Juliana C. Vallier

12                                         Attorneys for Defendant
                                           CEVA FREIGHT, LLC
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

Case 7:23 cv 00659 RMV Document 40 1 Filed 06/10/25 Page 6 of 34 Page ID #:3939
10/14/2005 16:05 FAX 4157694901

Aaron Kaufmann, Esq., SBN 148580
David Pogrel, Esq., SBN 203787
HINTON, ALFERT & SUMNER
1646 N. California Blvd., Suite #600
Walnut Creek, CA 94596
Telephone: (925) 932-6006
Facsimile: (925) 932-3412

Jules Sandford, Esq., SBN 31088
Lorraine Grindstaff, Esq., SBN 112346
PATTEN, FAITH & SANDFORD
635 West Foothill Blvd.
Monrovia, CA 91016-2038
Telephone: (626) 359-9335
Facsimile: (626) 303-2391

Attorneys for PLAINTIFFS

B. ANDOPOFF

FILED  Santa Clara Co
09/12/05  1:03pm
Kiri Torre
Chief Executive Offic
By: bettye dtsclerka
R#200500091840
CK                $849.50
TL                $849.50
Case: 1-05-CV-048739

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SANTA CLARA

MOHIT NARAYAN, HANNA RAHAWI, and THOMAS HEATH, on behalf of themselves, all others similarly situated, and the general public,

Plaintiffs,

v.

EGL, INC., a Texas Corporation; EAGLE FREIGHT SERVICES, INC.; and DOES 1-10, inclusive,

Defendants.

**CLASS ACTION**

Case No. 105    CV048739

**COMPLAINT**

(1) **REIMBURSEMENT OF BUSINESS EXPENSES** (Labor Code §2802);

(2) **UNLAWFUL DEDUCTIONS FROM WAGES** (Labor Code §§221, 223, 400-410);

(3) **COERCED PURCHASES** (Labor Code §450);

(4) **FAILURE TO PROVIDE OFF-DUTY MEAL PERIODS** (Labor Code §§226.7, 512);

(5) **FAILURE TO PAY OVERTIME COMPENSATION** (Labor Code §§510, 1194);

(6) **FAILURE TO FURNISH ACCURATE WAGE STATEMENTS** (Labor Code §226, 226.3);

(7) **FAILURE TO KEEP ACCURATE PAYROLL RECORDS** (Labor Code §§1174, 1174.5);

(8) **WAITING TIME PENALTIES** (Labor Code §201-203); and

(9) **VIOLATIONS OF UCL** (Labor Code §17200 *et seq.*)

10717667.tif - 10/14/2005 2:15:52 PM

1.    PLAINTIFFS Mohit Narayan, Hanna Rahawi, and Thomas Heath allege as follows on behalf of themselves, all others similarly situated, and the general public:

## I.   INTRODUCTION

2.    This is an action for relief from defendants' misclassification of its California pick-up and delivery drivers as "independent contractors." Defendant EGL, Inc. dba "EGL Eagle Global Logistics" ("EGL") and its affiliates (collectively "DEFENDANTS") are in the freight transport business, relying on PLAINTIFFS and similarly situated drivers for the pick-up and delivery of the freight. DEFENDANTS exercise pervasive control over its freight transport operations, including PLAINTIFFS and similarly situated drivers, such that the drivers operating in California are in fact DEFENDANTS' employees under California law.

3.    By misclassifying the drivers as independent contractors, DEFENDANTS have sought to avoid various duties and obligations owed to employees under California's Labor Code and Industrial Welfare Commission ("IWC") wage orders, including: the duty to indemnify employees for all expenses and losses necessarily incurred in connection with their employment (Cal. Labor Code §2802; IWC wage order No. 9, §§ 8-9); the duty to provide workers' compensation coverage (Cal. Labor Code §§ 3200 *et seq.*); the duty to provide off-duty meal periods (Cal. Labor Code §§ 512, 226.7; IWC wage order No. 9, § 11); the duty to avoid coercion in purchase of necessary equipment, materials, and services (Cal. Labor Code § 450); the duties to pay overtime premium pay to those drivers operating vehicles with a gross vehicle weight rating of less than 10,001 pounds, including but not limited to small step package vans (hereinafter "Van Drivers") and to document their actual hours worked (Cal. Labor Code §§ 510, 1174, 226, 1194; IWC wage order No. 9, §§ 3, 7); and other legal obligations.

4.    EGL has maintained this policy and practice of treating its drivers as independent contractors while acknowledging that "[t]he Internal Revenue Service, state authorities and other third parties have at times successfully asserted that independent owner/operators in the transportation industry, including those of the type we use in connection wit your local pick up and delivery operations, are 'employees' rather than 'independent contractors.'" (EGL's 2004 10-K filing with the S.E.C., p. 10.)

-1-

5. PLAINTIFFS Narayan, Rahawi, and Heath bring claims individually and as a class action, under Cal. Code of Civil Procedure § 382, on behalf of similarly situated pick-up and delivery drivers working from DEFENDANTS' California facilities (collectively hereinafter "Drivers" or "Class Members"). PLAINTIFFS challenge DEFENDANTS' policy of willfully and unlawfully misclassifying its Drivers as "independent contractors" and thereby refusing to indemnify them for employment-related expenses and losses, failure to provide workers' compensation insurance, taking wrongful deductions from their wages, coercing them to purchase necessary services and items, failing to provide off-duty meal periods, and failing to pay overtime compensation and to document actual hours worked as required by California law. This misclassification policy has been in effect for at least four years prior to the filing of this action.

6. PLAINTIFFS Narayan, Rahawi, and Heath, on behalf of themselves and other current and former Drivers, bring claims for reimbursement of business expenses and losses, reimbursement of deductions wrongfully taken from wages, meal period pay, unpaid overtime compensation, statutory penalties, interest, and attorneys' fees and costs, under Cal. Labor Code §§ 203, 218.5, 226.7, 1194, and 2802, and Code of Civil Procedure § 1021.5. PLAINTIFFS also seek relief on behalf of the class and in a representative capacity, pursuant to Cal. Business and Professions Code §§ 17200-17208 (also referred to herein as the "UCL"), including injunctive relief, restitution, and disgorgement of all benefits DEFENDANTS have enjoyed from the unlawful practices referenced above and detailed below. These class and representative action claims are brought on behalf of PLAINTIFFS and all current and former similarly situated Drivers employed by DEFENDANTS during the period commencing four years prior to the filing of this action (the "Class Period").

## II. PARTIES

### A. Plaintiffs

7. Plaintiff Mohit Narayan resides in Stockton, California (San Joaquin County). He has been a full-time EGL pick-up and delivery truck driver for DEFENDANTS from approximately July 1999 to the present. Throughout his tenure as an EGL truck driver he has worked out of DEFENDANTS' facilities in Sacramento, California (Sacramento County). Plaintiff

-2-
CLASS ACTION COMPLAINT

Narayan has leased a bobtail truck to carry out his duties for DEFENDANTS throughout his tenure as an EGL truck driver.

8.     Plaintiff Hanna Rahawi resides in Stockton, California (San Joaquin County). He has been a full-time EGL pick-up and delivery truck driver for DEFENDANTS from late 1998 to the present. Since approximately May 2003, Rahawi has served as a full-time EGL truck driver out of DEFENDANTS' facilities located in Brisbane, California (San Mateo County). Prior to that he worked out of DEFENDANTS' facilities in San Jose, California (Santa Clara County). Plaintiff Rahawi owns the bobtail truck he uses to carry out his duties for DEFENDANTS.

9.     Plaintiff Thomas Heath currently resides in Clio, Michigan. He was a full-time EGL pick-up and delivery van driver for DEFENDANTS from late 1999 to approximately July 2002. Throughout this time, Heath served as an EGL van driver out of DEFENDANTS' Sacramento facilities. Heath owned a GMC Savana one ton cargo van that he used to carry out his duties for DEFENDANTS.

**B.**   **Defendants**

10.     Defendant EGL, Inc. is incorporated under the laws of Texas. It is a publicly-traded company (NASDAQ: EAGL) engaged in what it describes as "the business of domestic and international freight transportation, customs brokerage, global logistics, supply chain management and information services for commercial and industrial customers." Operating as EGL Eagle Global Logistics, the company claims to be a Fortune 1000 company with over $2.7 billion in revenue in 2004. EGL's corporate headquarters are in Houston, Texas. Defendant EGL is and at all relevant times was an employer covered by the Cal. Labor Code and IWC wage order No. 9.

11.     PLAINTIFFS are informed and believe and on such information and belief allege that Defendant EFS is a wholly-owned subsidiary of EGL. Defendant EFS is and at all relevant times was an employer covered by the Cal. Labor Code and IWC wage order No. 9.

12.     The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants sued herein as DOES 1 through 10, inclusive, are currently unknown to PLAINTIFFS, who therefore sue defendants by such fictitious names under Cal. Code of Civil Procedure § 474. PLAINTIFFS are informed and believe, and based thereon allege, that each of

<div align="center">-3-<br>CLASS ACTION COMPLAINT</div>

1   the defendants designated herein as a DOE is legally responsible in some manner for the unlawful

2   acts referred to herein. PLAINTIFFS will seek leave of court to amend this Complaint to reflect

3   the true names and capacities of the defendants designated hereinafter as DOES when such

4   identities become known. Hereinafter DEFENDANTS and the DOE defendants shall be referred

5   to collectively as "DEFENDANTS" and/or "EGL."

6         13.    PLAINTIFFS are informed and believe, and on such information and belief allege,

7   that each defendant acted in all respects pertinent to this action as the agent of the other defendants,

8   carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of

9   each defendant are legally attributable to the other defendants.

### III.    STATEMENT OF FACTS

11         14.    DEFENDANTS are a domestic and international freight shipping and delivery

12   operation, using an integrated network of transportation, sorting, warehousing, and communication

13   facilities.

14         15.    During the Class Period, DEFENDANTS have employed hundreds of pick-up and

15   delivery truck and van drivers (collectively referred to as "Drivers") in facilities located in

16   California, including in or about Brisbane, Los Angeles, Ontario, Sacramento, San Diego, San

17   Jose, and South San Francisco. These Drivers were integrated into DEFENDANTS' business, as

18   they were hired to timely deliver and pick-up packages and other freight based on times, locations,

19   and for amounts determined by DEFENDANTS.

20         16.    DEFENDANTS retain the right to control the manner and means by which

21   PLAINTIFFS and similarly situated Drivers perform their jobs. The Drivers work from

22   DEFENDANTS' terminals, where they are assigned packages for delivery and locations for pick-

23   ups each day. They work shifts pre-determined by DEFENDANTS. Some Drivers are assigned

24   pre-determined routes, in which they service customers within a specific geographic region; while

25   others serve as "floaters," serving whatever area their pick-up and delivery assignments take them.

26   DEFENDANTS employ dispatchers, customer service representatives, and a variety of managerial

27   employees at their terminals who have supervisory responsibility over the Drivers, their daily

28   assignments and paperwork. Drivers interact with DEFENDANTS' personnel on a daily basis.

-4-

CLASS ACTION COMPLAINT

17. DEFENDANTS unilaterally set the compensation to be paid to the Drivers. DEFENDANTS purport to pay the Drivers a percentage of the fees it charges their customers.

18. DEFENDANTS unilaterally set the prices charged to their customers for the services rendered by the Drivers. The Drivers have no control over the rates charged to DEFENDANTS' customers.

19. The Drivers' remuneration depends on their ability to drive their vehicles and to load and un-load freight.

20. When Drivers do not follow DEFENDANTS' rules or instructions, they are subject to various types of punishment, some financial and some disciplinary.

21. PLAINTIFFS and similarly situated Drivers have provided services that are an integral part of DEFENDANTS' business enterprise. By providing vehicles with required DEFENDANTS' logos and advertising, by reliably serving DEFENDANTS' customers, by following DEFENDANTS' controlled delivery and pick-up routes, by using DEFENDANTS' dedicated web site to track packages, and in other material ways, PLAINTIFFS and other Drivers have rendered services to DEFENDANTS that are integral to the DEFENDANTS' freight transport system.

22. Despite DEFENDANTS' pervasive control over all aspects of its freight transport operations, including the Drivers, DEFENDANTS have uniformly classified and treated the Drivers as "independent contractors."

23. Although the nature of the work performed by PLAINTIFFS and similarly situated Drivers makes detailed control by management unnecessary, DEFENDANTS in fact retain the right to control and exercise extensive control over the work of the Drivers, as is necessary to fulfill DEFENDANTS' commitments to their customers.

24. DEFENDANTS' right of control over PLAINTIFFS and similarly situated Drivers is retained and/or exercised by DEFENDANTS as demonstrated by EGL's written rules and policies and unwritten practices.

25. DEFENDANTS' classification and treatment of PLAINTIFFS and similarly situated Drivers as "independent contractors" rather than as "employees" is and has been unlawful.

-5-
CLASS ACTION COMPLAINT

26. As a result of DEFENDANTS' misclassifying their Drivers as "independent contractors," they have failed to indemnify the Drivers for employment-related expenses, including the costs of providing the leased vehicles; all operation costs associated with the vehicle, including fuel, maintenance, repair, cleaning, and licensing; a portion of the EGL decals and other identifying marks adorning the leased vehicle; liability and other insurance covering work place injuries; cellular telephone and DEFENDANTS' designated text messaging service; uniform laundry fees; and miscellaneous tools, such as dollies and pallet jacks. PLAINTIFFS are informed and believe and on such information and belief allege that DEFENDANTS have also failed to indemnify the Drivers for employment-related losses, such as cargo loss or damage, bodily and property damage claims, uncollected or lost C.O.D. payments, and "service claims" granted to customers. PLAINTIFFS are informed and on that basis allege that DEFENDANTS have taken deductions from Drivers' compensation to cover for many of these employment-related expenses.

27. As a result of DEFENDANTS' misclassifying their Drivers as "independent contractors," DEFENDANTS have regularly failed to provide a 30 minute off-duty meal period to PLAINTIFFS and similarly situated Drivers who worked more than five hours in a day.

28. As a result of DEFENDANTS' misclassifying their Drivers as "independent contractors," DEFENDANTS have regularly failed to provide a second 30 minute meal period to PLAINTIFFS and similarly situated Drivers who worked more than 10 hours in a day.

29. Plaintiff Heath and other similarly situated Drivers operate vehicles with a gross vehicle weight rating of less than 10,001 pounds, including but not limited to small step package vans. Persons who operate such vehicles are not subject to the maximum hours regulations promulgated pursuant to the Federal Motor Carrier Safety Act and are therefore not exempt from the overtime requirements established by the Cal. Labor Code and IWC wage order No. 9.

30. DEFENDANTS required and/or knowingly permitted Plaintiff Heath and have required and/or knowingly permitted similarly situated Van Drivers to work hours considerably in excess of eight hours per day and/or 40 hours a week. PLAINTIFFS are informed and believe and on such information and belief allege that it has been DEFENDANTS' policy and practice to

///

-6-

CLASS ACTION COMPLAINT

10/14/2005 13:05 FAX 8189699381

31.   require and/or knowingly permit their Van Drivers to work overtime hours without receiving overtime compensation.

32.   As a result of DEFENDANTS misclassifying their Van Drivers as "independent contractors," DEFENDANTS have willfully and knowingly failed to pay premium overtime compensation to Plaintiff Heath and similarly situated Van Drivers for hours worked in excess of eight hours per day and 40 hours n a week.

33.   As a result of DEFENDANTS' misclassifying their Van Drivers as "independent contractors," DEFENDANTS have failed to record the actual hours worked by Plaintiff Heath and similarly situated Van Drivers during the Class Period.

34.   As a result of DEFENDANTS' misclassifying their Van Drivers as "independent contractors," DEFENDANTS have failed to itemize the total hours worked on wage statements furnished to Plaintiff Heath and similarly situated Van Drivers.

35.   PLAINTIFFS are informed and on that basis allege that, as a result of DEFENDANTS' misclassifying their Van Drivers as "independent contractors," DEFENDANTS have not properly maintained payroll records showing the actual hours worked each day by Drivers, including PLAINTIFFS.

36.   As a result of DEFENDANTS' misclassifying their Drivers as "independent contractors," DEFENDANTS have willfully and knowingly failed to pay PLAINTIFFS, and similarly situated Drivers, upon termination of employment all accrued compensation, including for repayment of all unlawful deductions from wages, payment of missed meal period compensation, and payment of overtime compensation to Van Drivers.

## IV.   CLASS ACTION ALLEGATIONS

37.   PLAINTIFFS bring this lawsuit as a class action pursuant to Cal. Code of Civil Procedure § 382 on behalf of themselves and all similarly situated Drivers.  The class PLAINTIFFS seek to represent is defined as:

All persons who are or have operated as pick-up and delivery drivers for DEFENDANTS in the State of California (referred to as "Drivers") during the period commencing four years from the filing of this action through the entry of final judgment in this action.  This class of Drivers includes a sub-class of those operating vehicles with a gross vehicle weight rating of less than 10,001 pounds, including but not limited to small step package vans (referred to as "Van Drivers").

-7-

CLASS ACTION COMPLAINT

The claims herein have been brought and may properly be maintained as a class action under Cal.
Code of Civil Procedure § 382 because there is a well-defined community of interest among class
members with respect to the claims asserted herein and the proposed class is easily ascertainable:

       a.     <u>Ascertainability and Numerosity</u>: The potential members of the class as
defined herein are so numerous that joinder would be impracticable. PLAINTIFFS are informed
and believes and on such information and belief allege that DEFENDANTS have employed over
300 Drivers in California during the Class Period. The names and addresses of the Class Members
are available from the DEFENDANTS. Notice can be provided to the Class Members via first
class mail using techniques and a form of notice similar to those customarily used in class action
lawsuits of this nature.

       b.     <u>Commonality</u>: There are questions of law and fact common to
PLAINTIFFS and the class that predominate over any questions affecting only individual members
of the class. These common questions of law and fact include, without limitation:

           i.     Whether the Drivers have served DEFENDANTS as employees
rather than independent contractors under California law;

          ii.     Whether Drivers have necessarily incurred employment-related
expenses and losses in carrying out their duties for DEFENDANTS;

          iii.     Whether DEFENDANTS have failed to indemnify Drivers for their
necessarily incurred employment-related -expenses and losses, in
violation of Cal. Labor Code § 2802;

          iv.     Whether DEFENDANTS have failed to provide Drivers with
workers' compensation insurance, in violation of Cal. Labor Code §
3200, *et seq*;

          v.     Whether DEFENDANTS' failure to provide workers' compensation
insurance constitutes an unlawful, unfair, and /or fraudulent business
practice, under Cal. Business & Professions Code §17200, *et seq*;

///
///

-8-
**CLASS ACTION COMPLAINT**

vi. Whether DEFENDANTS' failure to indemnify Drivers for necessarily incurred employment-related expenses and losses constitutes an unlawful, unfair, and/or fraudulent business practice, under Cal. Business & Professions Code § 17200 *et seq*;

vii. Whether DEFENDANTS have made deductions from the compensation paid to DRIVERS in violation of California law;

viii. Whether DEFENDANTS' deductions from Drivers' compensation constitute an unlawful, unfair, and/or fraudulent business practice, under Cal. Business & Professions Code § 17200 *et seq*;

ix. Whether DEFENDANTS have coerced or compelled Drivers to patronize DEFENDANTS and/or other companies in the purchase or lease of uniforms, uniform laundry service, communication equipment, electronic message services, and other items in violation of Cal. Labor Code § 450;

x. Whether DEFENDANTS' coercion or compelling Drivers to patronize DEFENDANTS and/or other companies constitutes an unlawful, unfair, and/or fraudulent business practice, under Cal. Business & Professions Code § 17200 *et seq*;

xi. Whether DEFENDANTS have failed to provide adequate off-duty meal periods and meal period compensation, in violation of Cal. Labor Code §§ 226.7 and 512 and IWC wage order No. 9, § 11;

xii. Whether DEFENDANTS' failure to provide adequate off-duty meal periods and meal period compensation constitutes an unlawful, unfair, and/or fraudulent business practice, under Cal. Business & Professions Code § 17200 *et seq*;

xiii. Whether DEFENDANTS have required, encouraged, or permitted Van Drivers to work in excess of 40 hours per week and/or eight hours per day;

-9-

CLASS ACTION COMPLAINT

xiv. Whether DEFENDANTS knew or should have known that its Van Drivers regularly worked over 40 hours per week and/or eight hours per day;

xv. Whether DEFENDANTS have failed to pay its Van Drivers overtime wages for time worked in excess of 40 hours per week and/or eight hours per day;

xvi. Whether DEFENDANTS have employed Van Drivers in a position subject to, and not exempt from, California's overtime pay and other wage and hour requirements;

xvii. Whether DEFENDANTS have violated IWC wage order No. 9, § 3 and Cal. Labor Code §§ 510 and 1194 by their failure to pay Van Drivers overtime compensation;

xviii. Whether DEFENDANTS' failure to pay overtime compensation to Van Drivers constitutes an unlawful, unfair, and/or fraudulent business practice, under Cal. Business & Professions Code § 17200 *et seq.*;

xix. Whether DEFENDANTS have knowingly and intentionally failed to provide Van Drivers with an itemized statement showing total hours worked with each payment of wages, as required by Cal. Labor Code § 226 and IWC wage order No. 9, § 7;

xx. Whether DEFENDANTS' failure to provide an itemized statement showing total hours worked with each payment of wages constitutes an unlawful, unfair, and/or fraudulent business practice, under Cal. Business & Professions Code § 17200 et seq.;

xxi. Whether DEFENDANTS have violated Cal. Labor Code § 1174 and IWC wage order No. 9, § 7 by failing to maintain documentation of the actual hours worked each day by Van Drivers;

///

-10-
CLASS ACTION COMPLAINT

xxii.  Whether DEFENDANTS' failure to maintain documentation of the
actual hours worked each day by Van Drivers constitutes an
unlawful, unfair, and/or fraudulent business practice, under Cal.
Business & Professions Code § 17200 et seq;

xxiii.  Whether DEFENDANTS have violated Labor Code §§ 201-203, by
failing, upon termination, to timely pay Drivers wages that were due
for overtime, missed meal periods, and/or wrongful deductions from
wage;

xxiv.  Whether DEFENDANTS' failure to pay all compensation owed at
time of termination of employment constituted an unlawful, unfair,
and/or fraudulent business practice, under Business & Professions
Code § 17200 et seq; and

xxv.  The proper formula for calculating restitution, damages, and waiting
time and other statutory penalties owed to PLAINTIFFS and the
class alleged herein.

c.  Typicality: PLAINTIFFS' claims are typical of the claims of the class.
DEFENDANTS' common course of unlawful conduct has caused PLAINTIFFS and similarly
situated Drivers to sustain the same or similar injuries and damages caused by the same practices of
DEFENDANTS. PLAINTIFFS' claims are thereby representative of and co-extensive with the
claims of the class.

d.  Adequacy of Representation: PLAINTIFFS are all members of the class,
PLAINTIFFS do not have any conflicts of interest with other class members and will prosecute the
case vigorously on behalf of the class. PLAINTIFFS will fairly and adequately represent and
protect the interests of the class members. The PLAINTIFFS' counsel are competent and
experienced in litigating large employment class actions, including large wage and hour class
actions.

e.  Superiority of Class Action: A class action is superior to other available
means for the fair and efficient adjudication of this controversy. Individual joinder of all class

-11-
**CLASS ACTION COMPLAINT**

1  uncollected or lost C.O.D. payments, and "service claims" granted to customers.  PLAINTIFFS

2  and class members necessarily incurred these substantial expenses and losses as a direct result of

3  performing their job duties for DEFENDANTS.

4      41.  DEFENDANTS have failed to indemnify or in any manner reimburse PLAINTIFFS

5  and similarly situated Drivers for these expenditures and losses.  By misclassifying its Drivers as

6  "independent contractors," and further by requiring those employees to pay expenses and cover

7  losses that they incurred in direct consequence of the discharge of their duties for DEFENDANTS

8  and/or in obedience to DEFENDANTS' direction, DEFENDANTS have violated and continue to

9  violate Cal. Labor Code § 2802.

10      42.  As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFFS and

11  similarly situated Drivers have suffered substantial losses according to proof, as well as pre-

12  judgment interest, costs, and attorney fees for the prosecution of this action.

13      43.  PLAINTIFFS, on behalf of themselves and similarly situated Drivers, request relief

14  as described below.

15  <center>**SECOND CAUSE OF ACTION**
**UNLAWFUL DEDUCTIONS FROM WAGES**</center>

16  <center>**(CAL. LABOR CODE §§ 221, 223, 400-410, IWC. WAGE ORDER NO. 9)**</center>

17      44.  The allegations of Paragraphs 1 through 43 are realleged and incorporated herein by

18  reference, and PLAINTIFFS allege as follows a cause of action on behalf of themselves and the

19  above-described class of similarly situated Drivers employed by DEFENDANTS in California.

20      45.  Labor Code § 221 provides: "It shall be unlawful for any employer to collect or

21  receive from an employee any part of wages theretofore paid by said employer to said employee."

22      46.  Labor Code § 223 provides:  "Where any statute or contract requires an employer to

23  maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while

24  purporting to pay the wage designated by statute or by contract."

25      47.  Labor Code §§ 400-410 ("Employee Bond Law") provide the limited circumstances

26  under which an employer can exact a cash bond from its employees.  These provisions are

27  designed to protect employees against the very real danger of an employer taking or

28  misappropriating employee funds held by the employer in trust.

<center>-13-
**CLASS ACTION COMPLAINT**</center>

48.     IWC wage order No. 9, § 8 provides that the only circumstance under which an employer can make a deduction from an employee's wage due to cash shortage, breakage, or loss of equipment is if the employer can show that the shortage, breakage, or loss was the result of the employee's gross negligence or dishonest or willful act.

49.     These and related statutes, along with California's fundamental public policy protecting wages and wage scales, prohibit employers from subjecting employees to unanticipated or unpredicted reductions in their wages; making employees the insurers of their employer's business losses; otherwise passing the ordinary business losses of the employer onto the employee; taking deductions from wages for business losses unless the employer can establish that the loss was caused by a dishonest or willful act, or gross negligence of the employee; or taking other unpredictable deductions that may impose a special hardship on employees.

50.     DEFENDANTS have violated Cal. Labor Code §§ 221, 223, and 400-410, and IWC wage order No. 9, § 8 by unlawfully taking deductions from PLAINTIFFS' and Class Members' compensation to cover certain ordinary business expenses of DEFENDANTS, including but not limited to uniform laundry service, claims for loss or damaged cargo, property damage and bodily injury claims, uncollected or lost C.O.D. amounts, and "service claims" granted to customers.

51.     Because DEFENDANTS made unlawful deductions from Drivers' compensation, they are liable to PLAINTIFFS and Class Members for the compensation that should have been paid but for the unlawful deductions, pursuant to Cal. Labor Code §§ 221, 223, and 400-410, and IWC wage order No. 9, § 8.

52.     By unlawfully deducting wages and failing to pay PLAINTIFFS and other similarly situated Drivers, DEFENDANTS are also liable for reasonable attorneys' fees and costs under Labor Code § 218.5.

53.     PLAINTIFFS, on behalf of themselves and similarly situated Drivers, request relief as described below.

///

///

///

-14-
CLASS ACTION COMPLAINT

1

2

### THIRD CAUSE OF ACTION
### COERCED PURCHASES
### (CAL. LABOR CODE § 450 ET SEQ.)

3    54.    The allegations of Paragraphs 1 through 53 are realleged and incorporated herein by

4 reference, and PLAINTIFFS allege as follows a cause of action on behalf of themselves and the

5 above-described class of similarly situated Drivers employed by DEFENDANTS in California.

6    55.    DEFENDANTS have compelled and/or coerced PLAINTIFFS and Class Members

7 to patronize DEFENDANTS by requiring PLAINTIFFS and Class Members to lease or purchase

8 data communication equipment and services, uniforms, uniform cleaning services, and other items

9 directly from DEFENDANTS and/or other companies in violation of Cal. Labor Code § 450.

10    56.    PLAINTIFFS, on behalf of themselves and similarly situated Drivers, request relief

11 as described below.

12

13

### FOURTH CAUSE OF ACTION
### FAILURE TO PROVIDE OFF-DUTY MEAL PERIODS
### (CAL. LABOR CODE §§ 226.7, 512, IWC WAGE ORDER NO. 9)

14    57.    The allegations of Paragraphs 1 through 56 are realleged and incorporated herein by

15 reference, and PLAINTIFFS allege as follows a cause of action on behalf of themselves and the

16 above-described class of similarly situated Drivers employed by DEFENDANTS in California.

17    58.    PLAINTIFFS and similarly situated Drivers have regularly worked in excess of five

18 (5) hours a day without being afforded at least a half-hour meal period in which they were relieved

19 of all duties, as required by Cal. Labor Code §§ 226.7 and 512, and IWC wage order No. 9, §

20 11(A).

21    59.    Because DEFENDANTS failed to afford proper meal periods, they are liable to

22 PLAINTIFFS and similarly situated Drivers for one hour of additional pay at the regular rate of

23 compensation for each workday that the proper meal periods were not provided, pursuant to Cal.

24 Labor Code § 226.7(b) and IWC wage order No. 9, § 11(B).

25    60.    By violating Cal Labor Code §§ 226.7 and 512, and IWC wage order No. 9, § 11,

26 DEFENDANTS are also liable for reasonable attorneys' fees and costs under Cal. Labor Code §

27 218.5.

28 ///

-15-
CLASS ACTION COMPLAINT

61.     PLAINTIFFS, on behalf of themselves and similarly situated Drivers, request relief as described below.

### FIFTH CAUSE OF ACTION
### FAILURE TO PAY OVERTIME COMPENSATION
### (CAL. LABOR CODE §§ 510, 1194 ET SEQ., IWC WAGE ORDER NO. 9.)

62.     The allegations of Paragraphs 1 through 61 are realleged and incorporated herein by reference, and Plaintiff Heath alleges as follows a cause of action on behalf of himself and the above-described sub-class of similarly situated Van Drivers employed by DEFENDANTS in California.

63.     By failing to pay overtime compensation to Plaintiff Heath and a sub-class of Van Drivers as alleged above, DEFENDANTS have violated and continue to violate Cal. Labor Code § 510 and IWC wage order No. 9, § 3, which require overtime compensation to non-exempt employees.

64.     By failing to maintain adequate time records as required by Cal. Labor Code § 1174(d) and IWC wage order No. 9, § 7(A), DEFENDANTS have made it difficult to calculate the overtime compensation due Plaintiff Heath and the similarly situated Van Drivers.

65.     As a result of DEFENDANTS' unlawful acts, Plaintiff Heath and a sub-class of Van Drivers have been deprived of overtime compensation in an amount to be determined at trial, and are entitled to recovery of such amounts, plus interest thereon, attorneys' fees, and costs, under Cal. Labor Code § 1194.

66.     By violating Cal. Labor Code § 510, DEFENDANTS are liable for civil penalties and attorneys' fees and costs under Cal. Labor Code §§ 558, 1194 and 1197.1.

67.     Plaintiff Heath, on behalf of himself and similarly situated Van Drivers, request relief as described below.

### SIXTH CAUSE OF ACTION
### FAILURE TO FURNISH ACCURATE WAGE STATEMENTS
### (CAL. LABOR CODE §§ 226 & 226.3; IWC WAGE ORDER NO. 9)

68.     The allegations of Paragraphs 1 through 67 are realleged and incorporated herein by reference, and Plaintiff Heath alleges as follows a cause of action on behalf of himself and the

///

CLASS ACTION COMPLAINT

69.     above-described sub-class of similarly situated Van Drivers employed by DEFENDANTS in California.

70.     Cal. Labor Code § 226(a) and IWC wage order No. 9, § 7(B) require employers semi-monthly or at the time of each payment of wages to furnish each employee with a statement itemizing, among other things, the total hours worked by the employee. Cal. Labor Code § 226(b) provides that if an employer knowingly and intentionally fails to provide a statement itemizing, among other things, the total hours worked by the employee, then the employee is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial violation and one hundred dollars ($100) for each subsequent violation, up to four thousand dollars ($4,000).

71.     DEFENDANTS knowingly and intentionally failed to furnish Plaintiff Heath and similarly situated Van Drivers with timely, itemized statements showing the total hours worked, as required by Cal. Labor Code § 226(a) and IWC wage order No 9, § 7(B). As a result, DEFENDANTS are liable to Plaintiff Heath and similarly situated Van Drivers for the amounts provided by Cal. Labor Code § 226(b).

72.     Plaintiff Heath, on behalf of himself and similarly situated Van Drivers, requests relief as described below.

## SEVENTH CAUSE OF ACTION
## FAILURE TO KEEP ACCURATE PAYROLL RECORDS
### (CAL. LABOR CODE §§ 1174 & 1174.5; IWC. WAGE ORDER NO. 10)

73.     The allegations of Paragraphs 1 through 72 are realleged and incorporated herein by reference, and PLAINTIFF HEATH allege as follows a cause of action on behalf of himself and the above-described sub-class of similarly situated Van Drivers employed by DEFENDANTS in California.

74.     DEFENDANTS have violated Cal. Labor Code § 1174 and IWC wage order No. 9, § 7(A) by willfully failing to keep required payroll records showing the actual hours worked each day by PLAINTIFF HEATH and similarly situated Van Drivers. As a direct and proximate result of DEFENDANTS' failure to maintain payroll records, PLAINTIFF HEATH and similarly situated Van Drivers have suffered actual economic harm as they have been precluded from accurately monitoring the number of hours worked and thus seeking all accrued overtime pay.

-17-
CLASS ACTION COMPLAINT

75. PLAINTIFFS, on behalf of himself and similarly situated Van Drivers, request relief as described below.

### EIGHTH CAUSE OF ACTION
### WAITING TIME PENALTIES
### (CAL. LABOR CODE §§ 201, 202 & 203)

76. The allegations of Paragraphs 1 through 75 are realleged and incorporated herein by this reference, and Plaintiff Heath alleges as follows a cause of action on behalf of himself and the above-described class of similarly situated Drivers.

77. Cal. Labor Code § 201 requires an employer who discharges an employee to pay all compensation due and owing to that employee immediately upon discharge.

78. Cal. Labor Code § 202 requires an employer to pay all compensation due and owing to an employee who quits within 72 hours of that employee quitting, unless the employee provides at least 72 hours notice of quitting, in which case all compensation is due at the end of the employee's final day of work .

79. Cal. Labor Code § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge, as required by § 201 or §202, then the employer is liable for waiting time penalties in the form of continued compensation of up to 30 work days.

80. DEFENDANTS willfully failed and refused to timely pay compensation and wages, including unpaid meal period compensation and sums wrongfully deducted from compensation, to Plaintiff Heath and similarly situated Drivers whose employment terminated. DEFENDANTS further willfully failed and refused to pay unpaid overtime pay to Plaintiff Heath and the above-described sub-class of similarly situated Van Drivers. As a result, DEFENDANTS are liable to Plaintiff Heath and similarly situated Drivers for waiting time penalties, together with interest thereon and reasonable attorneys' fees and costs, under Cal. Labor Code §§ 203 and 256.

81. Plaintiff Heath, on behalf of himself and similarly situated Drivers, requests relief as described below.

///

///

///

-18-
CLASS ACTION COMPLAINT

## NINTH CAUSE OF ACTION
### VIOLATIONS OF THE UNFAIR COMPETITION LAW (UCL)
#### (CAL. BUSINESS & PROFESSIONS CODE §§ 17200-09)

82. The allegations of Paragraphs 1 through 81 are realleged and incorporated herein by this reference, and PLAINTIFFS allege as follows a cause of action on behalf of themselves and the above-described class of similarly situated Drivers and in a representative capacity under Cal. Business and Professions Code § 17204.

83. Cal. Business & Professions Code § 17200 prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business act or practice.

84. Cal. Business & Professions Code § 17204 allows "any person acting for the interests of itself, its members or the general public" to prosecute a civil action for violation of the UCL.

85. Beginning at an exact date unknown to PLAINTIFFS, but at least four years prior to the filing of this action, DEFENDANTS have improperly, fraudulently, and unlawfully classified its Drivers as "independent contractors" and have thereby committed unlawful, unfair, and/or fraudulent business acts and practices as defined by Cal. Business & Professions Code § 17200, by engaging in the following:

        a. failing to indemnify PLAINTIFFS and similarly situated Drivers for employment-related business expenses and losses;

        b. failing and refusing to provide PLAINTIFFS and similarly situated Drivers with workers' compensation insurance;

        c. Improperly and unlawfully making deductions from Drivers' compensation because of cash shortages, breakage, equipment loss, and other work-related expenses and losses not attributable to the Drivers' dishonest or willful act, or to the gross negligence of the Drivers, as described above;

        d. failing and refusing to provide meal periods to PLAINTIFFS and similarly situated Drivers;

        e. unlawfully deducting money from wages owed to PLAINTIFFS and similarly situated Drivers;

-19-
CLASS ACTION COMPLAINT

f.      coercing or compelling PLAINTIFFS and similarly situated Drivers to patronize DEFENDANTS and allied companies;

g.      failing to pay overtime compensation to Plaintiff Heath and similarly situated Van Drivers;

h.      failing to provide accurate itemized wage statements to Plaintiff Heath and similarly situated Van Drivers;

i.      failing to maintain payroll records showing the actual hours worked each day by Plaintiff Heath and similarly situated Van Drivers;

j.      failing to pay all accrued overtime and meal period compensation and failing to repay unlawfully deducted commissions to Drivers upon termination of their employment; and

k.      by intentionally, reckless and/or negligently misrepresenting to PLAINTIFFS and similarly situated Drivers the true nature of their employment status. The violations of these laws serve as unlawful, unfair, and/or fraudulent predicate acts and practices for purposes of Cal. Business and Professions Code § 17200.

86.     As a direct and proximate result of DEFENDANTS' unlawful, unfair, and/or fraudulent acts and practices described herein, DEFENDANTS have received and continue to hold ill-gotten gains belonging to PLAINTIFFS and class members. As a direct and proximate result of DEFENDANTS' unlawful business practices, PLAINTIFFS and class members have suffered economic injuries including, but not limited to out-of-pocket business expenses, unlawful deductions from compensation, loss of overtime wages (for Van Drivers), compensation for missed meal periods, and waiting time penalties. DEFENDANTS have profited from its unlawful, unfair, and/or fraudulent acts and practices in the amount of those business expenses, improper deductions from compensation, unpaid overtime, meal period compensation, and interest accrued by PLAINTIFFS and similarly situated Drivers.

87.     Plaintiff and similarly situated Drivers are entitled to restitution pursuant to Cal. Business & Professions Code §§ 17203 and 17208 for all unpaid business expenses, unlawful deductions from compensation, overtime (for Van Drivers), , meal period compensation, and interest since four years prior to the filing of this action.

10717667.tif - 10/14/2005 2:15:52 PM

88.   PLAINTIFFS and similarly situated Drivers are entitled to enforce all applicable penalty provisions of the Cal. Labor Code pursuant to Cal. Business & Professions Code § 17202.

89.   PLAINTIFFS' success in this action will enforce important rights affecting the public interest. In this regard, PLAINTIFFS sue on behalf of the public as well as on behalf of themselves and others similarly situated. PLAINTIFFS seek and are entitled to reimbursement of business expenses, the unpaid compensation, declaratory and injunctive relief, civil penalties, and any other appropriate remedy.

90.   Injunctive relief is necessary and appropriate to prevent DEFENDANTS from continuing and repeating its unlawful, unfair and fraudulent business acts and practices alleged above.

91.   In order to prevent DEFENDANTS from profiting and benefiting from their wrongful and illegal acts and continuing those acts, an order requiring DEFENDANTS to disgorge all the profits and gains they have reaped and restore such profits and gains to Drivers, from whom they were unlawfully taken.

92.   PLAINTIFFS have assumed the responsibility of enforcement of the laws and lawful claims specified herein. There is a financial burden incurred in pursuing this action which is in the public interest. Therefore, reasonable attorneys' fees are appropriate pursuant to Cal. Code of Civil Procedure § 1021.5.

93.   By all of the foregoing alleged conduct of DEFENDANTS have committed, and are continuing to commit, ongoing unlawful, unfair and fraudulent business practices within the meaning of Cal. Business & Professions Code §17200 et seq.

94.   As a direct and proximate result of the unfair business practices described above, PLAINTIFFS, other Drivers, and members of the general public have all suffered significant losses and Defendants have been unjustly enriched.

95.   Pursuant to Cal. Business & Prof. Code §17203, PLAINTIFFS, other Drivers, and member of the general public are entitled to: (a) restitution of money acquired by DEFENDANTS by means of their unfair business practices, in amounts not yet ascertained but to be ascertained at

///

-21-
CLASS ACTION COMPLAINT

trial; (b) injunctive relief against defendants' continuation of their unfair business practices, and (c) a declaration that defendants' business practices are unfair within the meaning of the statute.

96.    PLAINTIFFS, on behalf of themselves and similarly situated Drivers, request relief as described below.

## VII.    REQUEST FOR JURY TRIAL

97.    PLAINTIFFS request a trial by jury on behalf of themselves and the above described class of similarly situated Drivers.

## VIII.    PRAYER FOR RELIEF

WHEREFORE, PLAINTIFFS Narayan, Rahawi, and Heath, on behalf of themselves and the above-described class of similarly situated Drivers, request relief as follows:

A.    Certification of the above-described class as a class action, pursuant to Code of Civil Procedure 382;

B.    Certification of the above-described class as a representative class under Business and Professions Code § 17200 and *Corbett v. Superior Court*, 101 Cal.App.4th 649 (2002) .

C.    Class notice be provided to all Drivers who worked for DEFENDANTS in California during the Class Period described above;

D.    A declaratory judgment that DEFENDANTS have knowingly and intentionally violated the following provisions of law:

1.    Cal. Labor Code § 2802 by failing to indemnify PLAINTIFFS and the class for all necessarily incurred business expenses and losses;

2.    Cal. Labor Code §§ 221 and 400-410 and IWC wage order No. 9, by making unlawful deductions from the compensation paid to PLAINTIFFS and the class for ordinary business expenses and losses without a showing that the expenses and/or losses were due to the Drivers' dishonest or willful act, or to the gross negligence of the Drivers;

3.    Cal. Labor Code § 450 by coercing or compelling PLAINTIFFS and the class to purchase or lease certain items and services;

///

///

-22-

CLASS ACTION COMPLAINT

4. Cal. Labor Code §§ 226.7 and 512, and IWC wage order No. 9 by failure to provide off-duty meal periods to PLAINTIFFS and the class;

5. Cal. Labor Code §§ 510, 1194 et seq. and IWC wage order No. 9 by failure to pay overtime compensation to Plaintiff Heath and the sub-class of Van Drivers;

6. Cal. Labor Code § 226 and IWC wage order No. 9, § 7(B), by failing to provide Plaintiff Heath and the sub-class of Van Drivers with itemized statements of total hours worked with each payment of wages;

7. Cal. Labor Code § 1174 and IWC wage order No. 9, § 7(A), by failing to maintain payroll records of the actual hours worked each day by Plaintiff Heath and the sub-class of Van Drivers;

8. Cal. Labor Code §§ 201-203, for willful failure to pay overtime and meal period compensation and failure to repay unlawfully deducted wages at the time of termination of employment, resulting in unpaid waiting time penalties; and

9. Cal. Business and Professions Code §§ 17200-17208, by failing to reimburse Drivers for necessarily incurred business expenses, by requiring Drivers to indemnify DEFENDANTS for ordinary business losses, by coercing or compelling Drivers to purchase or lease certain items and services from DEFENDANTS or affiliated companies, by failing to provide off-duty meal periods and/or pay meal period compensation to Drivers, by failing to pay its Van Drivers overtime compensation, by failing to provide Van Drivers with itemized wage statements showing all hours worked, by failing to maintain payroll records that document all hours worked by Van Drivers, and by willfully failing to pay all compensation owed to Drivers upon termination of employment;

E. A declaratory judgment that DEFENDANTS' violations as described above were willful;

F. An equitable accounting to identify, locate, and restore to all current and former Drivers the wages that are due;

///

///

-23-

CLASS ACTION COMPLAINT

G. An award to PLAINTIFFS and the Class Members of damages in the amount of necessarily incurred business expenses, unpaid overtime, meal period compensation and amounts unlawfully deducted from wages, including interest thereon, subject to proof at trial;

H. An award to PLAINTIFFS and the Class Members of statutory penalties because of DEFENDANTS' failure to provide PLAINTIFFS and the Class Members with itemized wage statements that comply with the requirements of Cal. Labor Code § 226, subject to proof at trial;

I. An award of payments due to them as waiting time penalties as to those Class Members who have left DEFENDANTS' employ, pursuant to Labor Code §203;

J. An order requiring DEFENDANTS to pay restitution of all amounts owed to PLAINTIFFS and similarly situated Drivers for DEFENDANTS' failures to pay legally required overtime and meal period pay, and interest thereon and DEFENDANTS' failure to repay amounts unlawfully deducted, and interest thereon, in an amount according to proof, pursuant to Business & Professions Code § 17203;

K. An award to PLAINTIFFS and the Class Members of reasonable attorneys' fees and costs, pursuant to Cal. Code of Civil Procedure § 1021.5 and Cal. Labor Code §§ 218.5, 226, 1194, and 2802 and/or other applicable law; and

L. An award to PLAINTIFFS and the Class Members of such other and further relief as this Court deems just and proper.

DATED: September 12, 2005.

HINTON, ALFERT & SUMNER

By: _____
AARON KAUPMANN
Attorneys for PLAINTIFFS

-24-
CLASS ACTION COMPLAINT

**EXHIBIT 2**

1              UNITED STATES DISTRICT COURT

2          FOR THE SOUTHERN DISTRICT OF CALIFORNIA

3   CALIFORNIA TRUCKING ASSOCIATION,   )
    RAVINDER SINGH, THOMAS ODOM,       )
4                                      )   No. 18-CV-02458-BEN-BLM
              Plaintiffs,              )
5                                      )
    v.                                 )   January 13, 2020
6                                      )
    XAVIER BECERRA, in his official    )
7   capacity as the Attorney General   )
    of the State of California, et     )
8   al.,                               )
                                       )   Courtroom 5A
9            Defendants.               )
    _____)   San Diego, California

10

11              TRANSCRIPT OF PROCEEDINGS

12                  (Motions Hearing)

13

14   BEFORE THE HONORABLE ROGER T. BENITEZ, SENIOR DISTRICT JUDGE

15

16

17

18

19

20

21   COURT REPORTER:          AMANDA M. LeGORE
                              RDR, CRR, CRC, FCRR, CACSR
22                            U.S. District Court
                              333 West Broadway, Suite 420
23                            San Diego, CA 92101
                              amanda_legore@casd.uscourts.gov
24

25

1    contractor, when you should have classified him or her as an

2    employee.  Right?

3            So there's this sort of gambling -- this -- this

4    amorphous exposure to -- to interstate commerce companies.

5    Right?

6            MR. ZELIDON-ZEPEDA:  And that's no different than any

7    other situation when the law changes, your Honor.  Every

8    business has to go ahead and assess its potential liability and

9    figure out whether -- whether it is covered by the law and

10   whether it needs to go ahead and make changes in accordance

11   with that law.  It would be no different if the State decided

12   to raise its minimum wage law.

13           THE COURT:  But do me a favor.  Please -- this takes

14   us full circle to the very beginning.

15           Explain to me how an operator who contracts with -- a

16   motor carrier who contracts with an operator in New Jersey is

17   an independent contractor, who is going to drive goods across

18   the country and deliver them to L.A., or vice versa, how --

19   how -- how is that operator going -- or that motor carrier

20   going to be able to liquidate, if you will, its risks, once it

21   gets into California?  How is that going to happen?

22           MR. ZELIDON-ZEPEDA:  That particular operator would

23   look at its own operations that are its own business model.

24           THE COURT:  I know.  I know.  But tell me how.  Tell

25   me how that happens.

1          Because based on everything that I have heard you say

2     so far, every motor carrier -- every motor carrier who enters

3     into the types of contracts described in the plaintiffs'

4     pleadings would be in fact treated under California law as an

5     employer/employee relationship rather than as an independent

6     contractor; which is what the parties contracted -- you know,

7     using their freedom to contract, freedom of choice -- back in

8     New Jersey.  Right?

9          So tell me how.  How does that happen?

10          MR. ZELIDON-ZEPEDA:  Well, your Honor, if I gave that

11     impression, then I wish to correct it.

12          Our position would be that if that particular entity

13     were to get further away from the actual delivery of services,

14     going back to prong B of -- of the ABC test, if -- if it's in a

15     different line of work -- if instead of providing delivery

16     services, it's -- it acts as a broker, for example, that brings

17     together someone who needs shipping services with someone who

18     provides it and that particular company works within

19     California, that's when AB5 would come into play.  And they

20     would be further -- they would not be in the same line of work

21     under prong B, and therefore, would not be covered by AB5.

22          THE COURT:  Now, is that a very common thing that

23     happens today?

24          MR. ZELIDON-ZEPEDA:  I -- I am not aware of those

25     specifics, your Honor.  I wouldn't presume to say that.  And --

1          THE COURT:  With that, this hearing is concluded.

2    Thank you.

3          MR. KUSHNER:  Your Honor, may I respond to the

4    business-to-business --

5          THE COURT:  No, I think we're done.  Thank you.  I

6    appreciate it.

7          All right.  Thank you.

8          (Conclusion of proceedings.)

9

10                          --oOo--

11

12    I certify, by signing below, that the foregoing is a correct

13    stenographic transcript of the oral proceedings had in the

14    above-entitled matter this 22nd day of January, 2020.  A

15    transcript without an original signature or conformed signature

16    is not certified.  I further certify that the transcript fees

17    and format comply with those prescribed by the Court and the

18    Judicial Conference of the United States.

19
            /S/ Amanda M. LeGore
20         _____

21         AMANDA M. LeGORE, RDR, CRR, CRC, FCRR, CACSR 14290

22

23

24

25